McPhee *vs.* Guthrie & Company.

DONALD McPHEE, plaintiff in error, *vs.* GUTHRIE & COMPANY, defendants in error.

On January 24th, 1867, S. executed his mortgage deed upon a lot in the city of Atlanta to G., to secure the payment of a promissory note for $2,822 50. The mortgage was foreclosed, and the execution issuing therefrom levied upon the property mortgaged. After the foreclosure, S. had said lot set apart to him as a homestead under the act of 1868, and, with the approval of the ordinary, as required by said act, sold the same to M. for $1,750 00, the value of the lot. M., under the decisions of a majority of this Court, believing his title good, placed improvements on said lot to the value of $2,500 00. He claimed the property, and filed an equitable plea, praying that he might be allowed the value of his improvements, the Supreme Court of the United States having declared the act of 1868 unconstitutional as against contracts existing before its date:

*Held,* that the entire property with improvements should be sold, and the value of the lot at the time of the sale to the claimant, with interest thereon, paid to the mortgage *fi. fa.,* and the balance to the claimant.

Mortgage. Claim. Equity. Improvements. Before E. N. BROYLES, Judge *pro hac vice.* Fulton Superior Court. April Term, 1873.

For the facts of this case, see the decision.

COLLIER, MYNATT & COLLIER, for plaintiff in error.

The court erred in sustaining demurrer to claimant's equitable plea. Claimant being an innocent purchaser, without notice, in good faith, having placed on the premises valuable permanent improvements, was entitled to payment therefor out of the proceeds of the sale of said property: Bright *vs.* Boyd, 1 Story's reports, 478; same case in 2 Story's reports, 605; Wormly *et al. vs.* Wormly *et al*, 1 Brock, 331; same case in 8 Wheaton, 421. Plaintiff in *fi. fa.* entitled to lien on the property as it existed at the time the mortgage was executed: Chisholm *vs.* Chittenden, 45 Ga., 213; 4 Kent, 68; Powell *et al. vs.* Morrison & Brimfield Manufacturing Co., 3 Mason reports, 347; 3 Parson on Cont., 222, 223.

L. J. GARTRELL; JACKSON & CLARKE, for defendant.

Every material point involved in this case arises upon the equitable defense set up by the claimant. Did the court err in sustaining the demurrer to this equitable plea? The reply depends upon three leading propositions which may be stated as follows: 1st. Can a *bona fide* purchaser, without notice, claim compensation for the value of improvements made by him as against the true owner, where he is not sought to be made liable for *mesne* profits? 2d. Does a mortgagee stand in any different position from the true owner? 3d. Is the claimant, under the facts set up in his equitable defense, a *bona fide* purchaser without notice? 4th. Admitting claimant to be a *bona fide* purchaser, and admitting that such a purchaser would be entitled to compensation for improvements, does he make such a case by his equitable defense as would entitle him to a decree? To recur to the first proposition:

1st. Can a *bona fide* purchaser without notice, claim compensation for the value of improvements made by him as against the true owner, where he is not sought to be made liable for *mesne* profit? Sugden on Vendors, p. 1029, sec. 57; Green *vs.* Biddle, 8 Wheaton, 1. This case decides the following principles: 1st. Value of improvements allowed in favor of *bona fide* purchaser without notice, only against *mesne* profits. 2d. This privilege only allowed where the owner of the true title is the movant: Code, section 2855; 2 Story's Eq. Ju., section 799,(*b*) section 1238. This case comes within neither of the above classes. The value of the improvements is not sought out of the *mesne* profits, nor is the owner of the true title the movant.

2d. If, then, equity would not interfere in behalf of the purchaser as against the true owner, seeking to recover possession of his property, does not the case of a holder of a mortgage demanding his money and not the land, present stronger reasons against the intervention of equitable jurisdiction? Hughes *vs.* Edwards, 9 Wheaton, 489. Though the purchasers in this case are referred to as having constructive

notice from the registry of the mortgage, yet, in fact, they honestly believed their title to be paramount. A mortgagee cannot be delayed by contest between different purchasers of mortgaged property as to proportion of liability: *Ibid.;* Childs *vs.* Dolan, 5 Allen, 319.

3d. Is the claimant, under the facts set up in his equitable defense, a *bona fide* purchaser without notice? If he is not, he has not even a pretext to sustain his equitable defense. We submit that every necessary attribute to make him the favorite child of a court of equity is wanting. He purchased the property in controversy not only whilst there was a mortgage on it of record, but whilst the execution issuing upon the foreclosure was levied thereon. The same day that the conveyance to the claimant was executed a quit-claim deed was made by Ball to Sells. He had notice from the registry, the *lis pendens,* and the levy. But it is replied that the supreme court of Georgia had held the homestead provision of the constitution of 1868 and the act of 1868, constitutional, and that, therefore, under these decisions he should be protected. In Green *vs.* Biddle, 8 Wheaton, 1, the purchasers bought and improved their lands under acts of Kentucky of 1797 and 1812, which were sustained by the supreme court of the state as constitutional, yet, upon the supreme court of the United States holding to the contrary, they lost their ameliorations. Under the decision in Gunn *vs.* Barry, 15 Wallace, this constitutional provision and act never had any vitality. In *Chapman vs. Akin,* 39 *Georgia,* 350, and in *Battle vs. Shivers,* 39 *Ibid.,* 415, 416, 417, 420, it is held that rights can never be acquired under an unconstitutional law. How similar is the case of Henderson *vs.* Casey, 11 Sergeant and Rawle, 10, to that presented by this equitable defense? The language of the court is nearly as strong as that of this court in *Battle vs. Shivers.* The present Chief Justice dissented from all of the decisions now appealed to for the protection of claimant.

WARNER, Chief Justice.

On the 24th day of January, 1867, Holmes Sells executed his mortgage deed to Guthrie & Company upon a city lot in the city of Atlanta, to secure the payment of a promissory note for the sum of $2,822 50, bearing even date with said mortgage, and due sixty days after date. The mortgage was duly recorded, foreclosed and levied on the city lot described therein, and claimed by Donald McPhee. It appears from the evidence in the record that, subsequent to the execution of the mortgage, the city lot was assigned and set apart to Sells, the mortgagor, as a homestead, for the benefit of himself and family ; that afterwards, on the 19th of April, 1870, Sells and his wife, with the consent of the ordinary, conveyed the lot by deed to the claimant, for the consideration of $1,750 00 paid by him. The claimant filed an equitable defense, in the nature of a bill in equity, in accordance with the practice of our courts under the provisions of the Code, in which he alleged, in substance, that the property had been set apart as a homestead for Sells and family, and that he purchased it in good faith, and paid therefor the aforesaid sum of $1,750 00, believing that he was getting a good title to the same, and had no notice of any incumbrance on the land, or of anything that impugned or cast suspicion on the title to the same; that being such innocent purchaser, he proceeded to improve said lot, and erected thereon a substantial brick store-house, at a cost of $2,500 00, and to that extent the property has been increased in value ; that at the time he purchased the lot, it was not worth more than the sum he paid for it, but is now worth $4,000 00. The claimant prays that if said property, on the trial of the claim case, shall be found subject to the plaintiffs' *fi. fa.*, he may have a decree that, upon the sale of the property, he be paid out of the proceeds thereof the said sum of $2,500 00, the value of the improvements put on said property since he purchased it, and such other relief as the justice and equity of his case may require. The plaintiffs demurred generally to this equitable defense set up by the

claimant, which demurrer was sustained by the court, and the claimant excepted. The case then proceeded to trial, and the jury, under the charge of the court, returned a verdict finding the property subject. A motion was made for a new trial, which was overruled, and the claimant excepted.

The main question in this case is involved in the demurrer to the claimant's equitable defense. The pleadings present a new and important question, growing out of the unconstitutional legislation of the state in relation to the granting of homesteads affecting past contracts. That the homestead assigned and set apart to Sells and his family is void, as against the plaintiffs' mortgage lien on the property covered by the mortgage, there is no doubt; but the question is, whether the improvements put on the property by the claimant, under the facts and circumstances as alleged, are subject to be sold in satisfaction of the plaintiffs' mortgage debt, and has a court of equity in this state jurisdiction to grant the relief prayed for in this case? The mortgagees had a vested right in their mortgage lien on the property covered by the mortgage to have it sold for the payment of their debt, and they could not be deprived of that right without just compensation, and the property vested in their debtor as his homestead; that would be practically taking one man's property and giving it to another. So, on the other hand, if the plaintiffs should be allowed to have the claimant's improvements put on the land after he had purchased it in good faith, sold and the proceeds thereof appropriated to the payment of their debt, that would also be taking the claimant's property and giving it to the plaintiffs. They never gave credit to Sells, their debtor, on the faith of the improvements put on the land by the claimant after he purchased it. It is neither equitable or just that the plaintiffs should be allowed to appropriate the value of the improvements put on the land by the claimant to the payment of their debt, when no credit was given to their debtor upon the faith thereof. What equitable claim have the plaintiffs to have their debt paid out of the value of the improvements put on the lot by the claimant after the date of their mort-

gage, and after his purchase of it, under the circumstances as alleged by the claimant? · But it is said that, admitting all that the claimant alleges to be true, still, a court of equity has no jurisdiction to grant the relief prayed for, because the plaintiffs, by their mortgage lien, were entitled, under the law, to have all of the land covered by the mortgage, as well that which is now on it as that which is under it, sold for the payment of their debt, including the improvements.

It will be noticed, however, that under our law the plaintiffs, as mortgagees, have no title to the mortgaged property. A mortgage in this state is only a security for a debt, and passes no title: Code, 1954. But is it true that if the plaintiffs had the legal title to the lot of land, and were seeking to recover the possession of it from the claimant by a suit at law, under the facts of this case, that he could not set off the value of his improvements against their claim for the *mesne* profits of the land? The 2906th section of the Code declares, that against a claim for *mesne* profits, the value of improvements made by one *bona fide* in possession under a claim of right, is a proper subject matter of set off. It is also provided by the 3468th section of the Code, that a trespasser cannot set off improvements in an action brought for *mesne* profits, except where the value of the premises has been increased by the repairs or improvements which have been made. In that case the jury may take into consideration the improvements or repairs, and diminish the profits by that amount, but not below the sum which the premises would have been worth without such improvements or repairs. It is true, the plaintiffs are not seeking to recover *mesne* profits for the use of the land, but they are seeking to subject the improvements put on the land by the claimant, to the payment of their mortgage debt, and these sections of the Code are cited for the purpose of showing what is the declared policy of our law in regard to improvements made on land as against the claim of one who has the legal title to it, even as against a *trespasser*.

The equitable right of a trespasser to be allowed the value of his improvements made on the land where the value of the

McPhee *vs.* Guthrie & Company.

premises has been increased thereby, is clearly recognized by our law, as well as where improvements have·been made by one acting in good faith under a claim of right, as in this case. But this is not a new principle introduced into our Code; it was a principle recognized by courts of equity in England long anterior to 1776. In looking into Viner's Abridgement, (volume XVIII., new edition, 124,) we find two cases reported in which purchasers were allowed compensation for improvements, one of which was made without notice of any incumbrance, the other with notice. In the case of Peterson *vs.* Hickman, " the husband made a lease of the wife's land to one who was ignorant of the defeasible title; the lessee built upon the land, and was at great charge thereon. The husband died, and the wife avoided the lease of the land, but was compelled, in equity, to yield a recompense for the building and bettering of the land, for it was so much. the better worth unto her." In Wally *vs.* Whaley, "A purchaser who, before his purchase money paid, or deeds executed, (though not before his contract made,) had notice of a prior settlement, was ordered to be allowed what he had laid out in lasting improvements upon the tenements, though made pending the suit." Equity, as defined by Grotius, and recognized by Blackstone, is the correction of that wherein the law, by reason of its universality, is deficient. Equity jurisdiction is established and allowed in this state for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving for injuries done: Code, 3081. It is true, as a general rule, that equity follows the law, that is to say, a court of equity would be as much bound by a positive statute of the state as a court of law would be. In the language of our Code, equity is ancillary, not antagonistic, to the law, hence, equity follows the law where the rule of law is applicable, and the *analogy* of the law, where no rule is directly applicable: Code, 3083. Now, there is no rule of law, of which we are advised, directly applicable to the claimant's claim to be paid for the value of

his improvements put on the land, under the facts of this case, and therefore we must follow the *analogy* of the law in protecting his unquestioned equitable rights.

We have already shown, by the sections of the Code before cited, what is the policy of the law as to making compensation for improvements made on land in a suit by the party having the legal title, when such improvements have increased the value of the premises, even in the case of a trespasser. The claimant in this case was not a trespasser. He purchased the lot in good faith, and went into the possession of it under *color* of law and claim of right. He was not a mere *wrongdoer* in taking possession of the lot and putting the improvements thereon, and it would seem that the plaintiffs should be contented with making him lose the original purchase money paid for the lot, by the sale of it for their benefit, without seeking to take from him the value of his improvements, and have the same appropriated to the payment of their debt, to which they have no just or equitable claim. But we entertain no doubt as to the jurisdiction of a court of equity in this state to protect the claimant as to the value of his improvements, on the statement of facts disclosed in the record, and the court below erred in sustaining the demurrer to the claimant's equitable defense. The law, by reason of its universality, is deficient to reach the justice and equity of this case, in view of its peculiar circumstances.

In our judgment, the court below should decree a sale of the mortgaged property, and that the plaintiffs in the mortgage *fi. fa.* be first paid the proven value of the property covered by the mortgage at the time of the purchase of the same by the claimant, exclusive of the claimant's improvements, with interest on that proven value from the date of such purchase up to the day of sale, and that the claimant be allowed to receive out of the proceeds of said sale the proven value of his substantial improvements put on the lot, provided the property shall sell for enough to pay both; but if not, the plaintiffs to be first paid the proven value of the property covered by the mortgage at the date of the purchase afore-

said, exclusive of the improvements, with interest as before stated.

Let the judgment of the court below be reversed.