Jackson, C. J.
1. A testator by will left his property to his wife for life, with remainder to two of his children. Before his death, he sold two lots, gave a bond for title, and took notes for the purchase money. The wife qualified as executrix. In 1868 she re-married, and in 1873 her second husband took out letters of administration generally, and not cam testamento annexo. Afterwards jhe bargained with a lawyer to reduce to possession all the lands which the testator claimed, scattered over the different portions of the State, and agreed that the lawyer should have one-half of those so recovered. This attorney sent the notes for collection to others in the place where the land lay. By agreement, the lands in dispute were surrendered, and the bond for title and notes cancelled. The purchaser testified that this was an absolute cancellation; the attorneys testified that it was on condition that the land was to be sold by the administrator, the notes were to be paid, and if anything remained it was to be returned to him ; and if the proceeds were not sufficient to pay the notes, credit was to be given thereon. The land was sold and the attorney purchased it. He conveyed one-half to the person acting as administrator, and ascertaining that the marriage took place after 1866, caused him to make a deed to his wife. This occurred in 1873 and 1874, and in 1877, the attorney, the person acting as administrator and his wife conveyed to a purchaser who went into possession and erected valuable improvements. The remainder-men brought ejectment against him :
D. H. Pope; K.. F. Lyon, for plaintiffs in error.
Smith &-Jones; C. B. Wooten, for defendants.
Held, that at the time of his death the testator had the right to force the collection of the notes of the purchaser from him, by suing, filing a deed and levying, or to bring ejectment against him. The pur-, chaser could file an equitable plea and cause a sale, or pay the debt and retain the land,*and this right passed to the legatees under his will.
(a) There was privity between the attorney and the purchaser from the testator.
(b) The letters of administration granted to the acting administrator were void; but upon the marriage of the executrix, her letters abated, and her husband had power by statute to proceed with the administration under the will until an administrator with the will annexed was regularly appointed, and to act as executor. Therefore the attorney acquired for the estate the right to sell the land and divide the proceeds as agreed on.
(c) The purchaser from the testator could have himself sold the land to the lawyer, and the fact that the sale was made by the acting administrator at public sale was in effect the same, though the sale was void as an administrator’s sale. And while the attorney and the purchaser under him obtained no legal title, they did acquire what amounts to a perfect equity to one-half of the land, as against the remaindermen.
(d) As to the other half the attorney acquired no title, legal or equitable ; and having paid nothing for it, and convey it through the acting administrator, to his wife, the [life tenant, a deed from her and her husband to a purchaser only conveyed her life estate, and was not good as to the fee.
(e) A recovery by the remaindermen of all the land was wrong ; and it was error to exclude from the consideration of the jury the evidence of the attorneys as to the settlement.
(f) A new trial should also have been granted on account of the discovery of a memorandum in writing of the settlement made as to the land.
(g) The purchaser has no equitable right to set off the improvements made by him on the half of the estate which was not his in equity, beyond the setting off of their value against mense profits.
^h) The cases of McGee vs. Guthrie & Co , 51 Ga., 83, and Dean, ex’r, vs. Feely et al., 69 Ga., 804, considered and distinguished from this.
2. When the court was requested to put his charge in writing, he should have put all of it in writing, and not have stated the issues orally to the jury. Nor was this cured by cautioning the jury not to regard what the judge said orally, if it conflicted with what he read to them.
Judgment reversed.