Doe, *ex dem.* Myrick, *v.* Roe, *c. e.* Heard, Tenant in Possession.

*(Circuit Court, S. D. Georgia, E. D.* April 29, 1887.)

**1. FEDERAL COURTS—FOLLOWING STATE PRACTICE.**

A plea to an action of ejectment, alleging that the defendant's possession is in good faith; that he has placed permanent and substantial improvements on the land, largely enhancing its value, which benefit the plaintiff; that the plaintiff knew he was erecting such improvements, and permitted him to proceed without notice of her title; and praying that he be allowed, against her claim for title, a sum amounting to the enhanced value of the land by reason of the improvement,—although such plea is especially authorized by the state practice, it cannot be allowed in the courts of the United States.

**2. SAME—EQUITABLE DEFENSE TO LEGAL ACTION.**

Although the forms of proceeding and practice in the state courts have been, as near as may be, adopted in the circuit and district courts of the United States, yet this must not be understood as authorizing an equitable defense to an action at law, nor the blending of legal and equitable claims in one suit.

*(Syllabus by the Court.)*

At Law. Action in ejectment.
*John M. Guerrard* and *Charles Nephew West*, for plaintiff.
*Dell & Wade* and *Lester & Ravenel*, for defendant.

SPEER, J. The plaintiff having introduced her evidence, the defendant interposed the following amendment to his plea:

"Now comes the defendant, and says that he holds the premises in dispute *bona fide*, under claim of title, independent and adversary to the plaintiff; that he and his lessors have so held the same since, and from the sixteenth day of May, 1870; that he has placed upon the said land certain permanent and substantial improvements and betterments, viz., a store-house and a warehouse, which were and are substantial and permanent, and which have and do enhance the value of the said land $2,000, or other large sum; and that the owner of said land is benefited by the said improvements to the amount aforesaid or other large sum; and he further says that the said plaintiff knew of and was well aware of his erection of the said buildings at the time it was being done, at great expense to the defendant, and suffered and permitted this defendant to proceed and to continue the erection of the said buildings and other improvements, and did not object or advise defendant of any claim of hers upon and to the said land, although she had opportunity and occasion so to do if she desired; and that the defendant was not aware of her (the plaintiff's) right or claim to the said land, and knew nothing of her claim until the bringing of her said suit against him. Wherefore he says she is estopped from asserting her claim, if any she has, to the said land; and, if not, that defendant is entitled to be allowed, as against her, the enhanced value of the said land by reason of the permanent improvements made by him thereon and aforesaid, which he prays may be allowed him.
"DELL & WADE,
"LESTER & RAVENEL,
"Attys. for Deft."

The plaintiff moved to strike this plea for indeterminateness, and because it is in the main an equitable defense to an action at law, and is inadmissible in the courts of the United States.

The first objection, if well taken, will be corrected by amendment; and, so far as the plea attempts to set up a title by prescription, this being a legitimate defense to the action of ejectment, this motion must be overruled.

The question of practice in the remaining ground of objection—viz., can the national courts entertain a defense of this nature to an action at law?—is of frequent occurrence, and especially in Georgia, for reasons presently appearing, merits careful consideration. It is provided in section 2906 of the Code of Georgia: "Against a claim for mesne profits, the value of improvements by one *bona fide* in possession under a claim of right is a proper subject-matter of set-off."

It is not, however, proposed to limit the operation of this plea to mesne profits. The defendant seeks a judgment against the plaintiff for the enhancement in value of the land, by reason of his substantial and permanent improvements thereon, which would operate to extinguish altogether the value of the recovery. He sets up an alleged estoppel, because the plaintiff, without objection, suffered him to erect costly structures on the realty. The legislature of Georgia has carefully obliterated the line between equitable and legal defenses. "No suitor is compelled to appear on the equity side of the court, but he may institute his proceeding for an equitable cause of action upon the common-law side of the court, at his option, and the court may allow the jury to find a verdict, and a judgment be rendered thereon, so moulded and framed as to give equitable relief in the case, as verdicts and decrees are rendered and framed in equity proceedings." Code Ga. § 3082.

The defense presented by this plea has been decided to be warranted by the statute quoted, and the sufficiency of such pleas judicially considered and determined. *Clewis* v. *Hartman*, 71 Ga. 810. But it is distinctly equitable in character.

In *McPhee* v. *Guthrie*, 51 Ga. 88, the supreme court, Chief Justice WARNER rendering the opinion, say:

"The equitable right of a trespasser, to be allowed the value of his improvements made on the land, when the value of the premises has been increased thereby, is clearly recognized by our law, as well as when the improvements have been made by one acting in good faith under a claim of right, as in this case. But this is not a new principle introduced into our Code. It was a principle recognized by our courts of equity in England long anterior to 1776. In looking into Viner's Abridgement (volume 18, [new Ed.] 124) we find two cases reported in which purchasers were allowed compensation for improvements,—one of which was made without notice of any incumbrance, the other with notice. In the case of *Peterson* v. *Hickman* 'the husband made a lease of the wife's land to one who was ignorant of the defeasible title. The lessee built upon the land, and was at great charge thereon. The husband died, and the wife avoided the lease of the land, but was compelled, in equity, to yield a recompense for the building and bettering of the land, for it was so much the better worth unto her.' In *Wally* v. *Whaley* 'a purchaser who, before his purchase money paid, or deed executed, though not before his con-

tract was made, had notice of a prior settlement, was ordered to be allowed what he had laid out in lasting improvements upon the tenements, though made pending the suits.'" *Jackson* v. *Ludeling*, 99 U. S. 513; *Dean* v. *Feely*, 69 Ga. 821.

In *Jackson* v. *Loomis*, reported from New York in 15 Amer. Dec. 347, there is, beginning on page 349, an elaborate and valuable note, in which are collected many decisions on the precise question here, the *gravamen* of which may be expressed by the opinion of Judge DILLON in *Parsons* v. *Moses*, 16 Iowa, 444:

"By the English and American common law the true owner recovers his land in ejectment, without liability to pay for improvements which may have been made upon it by an occupant without title. Improvements annexed to the freehold, the law deems part of it, and they pass with the recovery. Every occupant makes improvements at his peril, even if he acts under a *bona fide* belief of ownership. 2 Kent, Comm. 334. Such is the rigid rule of the common law. It is founded upon the idea that the owner should not pay an intruder or disseizor or occupant for improvements which he never authorized. It is supposed to be founded in good policy, inasmuch as it induces diligence in the examination of titles, and prevents intrusions upon, and appropriations of, the property of others. Chancery borrowing from the civil law, made the first innovation upon the common-law doctrine. And it came at length to be held in equity that when a *bona fide* possessor of property (for equity, no more than law, would aid in *mala fide* possession) made meliorations and improvements upon it, in good faith, and under an honest belief of ownership, and the real owner was, for any reason, compelled to come into a court of equity, that court, applying the familiar maxim that he who seeks equity must do equity, and adopting this civil rule of natural equity, would compel him to pay for those improvements or industrial accessions, not the cost, indeed, but so far as they were permanently beneficial to the estate, and enhanced its value. Story, Eq. Jur. 779a, 779b; *Putnam* v. *Ritchie*, 6 Paige, 390; *Bright* v. *Boyd*, 1 Story, 478, enriched by the learning and research of that distinguished jurist; S. C. 2 Story, 605; *Green* v. *Biddle*, 8 Wheat. 79; Will. Eq. Jur. 312; Sugd. Vend. c. 22, §§ 54, 55, 57."

This, then, is clearly an equitable defense.

The practice act (section 914, Rev. St.) is as follows:

"The practice, pleadings, and forms and modes of proceeding, in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding."

This excludes such a defense to an action at law as that presented by the amended plea. *Montejo* v. *Owen*, 14 Blatchf. 324. Where prayers for equitable relief had been made in an action at law in the state court, when the cause was removed to the United States court it was held necessary to replead. *La Mothe Manuf'g Co.* v. *National Tube-Works*, 15 Blatchf. 432.

In the last case cited, Mr. Justice DAVIS, rendering the opinion of the court, says:

"The constitution of the United States and the acts of congress recognize and establish the distinction between law and equity. The remedies in the courts of the United States are, at common law or in equity, not according

to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles. And, although the form of proceedings and practice in the state courts shall have been adopted in the circuit courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit." *Thompson* v. *Railroad Co.*, 6 Wall. 134.

In the case of *Bennett* v. *Butterworth*, 11 How. 669, Chief Justice TANEY said:

"The constitution of the United States, in creating and defining the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may, undoubtedly, proceed according to the forms of practice in such cases in the state court. But, if the claim is an equitable one, he must proceed according to the rules which this court has prescribed, regulating proceedings in equity in the courts of the United States."

Therefore the demurrer is sustained, and, with the exception stated in the outset, the plea is stricken.