## BOGGS v. WANN et al.

### (Circuit Court, N. D. Ohio, E. D.    January 17, 1893.)

### No. 4,978.

1. EXECUTORS—POWER TO CONTRACT DEBTS AND GIVE NOTES.
   An executor has no authority as such to go into debt and bind the estate by giving notes; nor is such authority deducible from an express power to sell and reinvest assets; and therefore no action at law can be maintained on such notes, though in equity the estate might be held, not on the contract, but to the extent of the benefit actually conferred.

2. NEGOTIABLE INSTRUMENTS—ACTIONS ON—DEFENSES.
   In an action on a note, a denial that plaintiff is the lawful owner thereof is a good defense under the Ohio Code.

3. SAME—LEGAL AND EQUITABLE DEFENSES—FIDUCIARY RELATIONS.
   It is no defense to an action at law in a federal court on a note that the plaintiff and his agent occupied such a relation of confidence to the maker as enabled them to induce her to enter into an unconscionable contract for the purchase for a large sum of property having only a nominal value, when defendant does not aver a rescission or set up a breach of warranty.

4. SAME—FALSE REPRESENTATIONS.
   It is, however, a good legal defense to such note that defendant was induced to purchase the property (being stock of a coal mining company) on the representation that the mine was making large dividends and profits, whereas in fact such apparent dividends and profits were made by fraudulent practices upon a railroad company, to which the coal was sold, for this shows a right of rescission; and, if the property was worthless, a tender back was a needless formality; and if there was only a partial failure of consideration, defendant could reduce the recovery pro tanto. Withers v. Green, 9 How. 213, followed.

5. SAME—INADEQUACY OF CONSIDERATION.
    Mere inadequacy of consideration is no defense at law to an action o'n a note.

6. SAME—PLEADING—ANSWER—EQUITABLE RELIEF.
    In an action at law on a note, a prayer in the answer that the note may be delivered up and canceled is wholly inadmissible, as being a prayer for equitable relief.

At Law. Action on promissory notes, brought by Samuel L. Boggs against Judson A. Wann, administrator de bonis non of the estate of James C. Allen, deceased, and Mary E. Allen. Heard on demurrers to the answers. Sustained in part and overruled in part.

Day, Lynch & Day, for plaintiff.
Ambler & Son, for defendant.

TAFT, Circuit Judge. The petition states that the plaintiff, Boggs, is a citizen and resident of Pennsylvania, and that the defendants, Judson A. Wann and Mary E. Allen, are citizens and residents of the eastern division of the northern district of Ohio. That on the 28th day of October, 1890, John C. Allen, of Stark county, Ohio, died testate, and by his last will and testament, among other things, provided as follows:

"Item 3. I do hereby nominate and appoint my wife, Mary E. Allen, executrix of this, my last will and testament, hereby authorizing her to compromise, adjust, release, and discharge, in such manner as she may deem proper, the debts and claims due to and from me. I do devise and bequeath to my said executrix and trustee, and to her successors in trust, the title to all the property hereinbefore described. I do also authorize and empower my said executrix and trustee and her successors in trust, whenever in her or their judgment the interests of my estate shall demand, to sell at private sale or otherwise all or any part of my personal estate, in such manner and upon such terms as may be deemed best, and deliver for any and all real estate sold deeds acknowledged by her or them, and reinvest the proceeds arising from any such sales in such manner as she or they may think best; to dispose of any property, real or personal, so acquired, and reinvest the proceeds in the same manner."

—That on November 11, 1890, the said Mary E. Allen accepted the appointment as executrix and trustee under the will, and letters were accordingly issued to her by the probate court of Stark county, and she entered upon the discharge of her duties as such. That as an individual and as executrix and trustee on the first day of April, 1891, for a good and valuable consideration she executed to the plaintiff two promissory notes as follows: .

"$4,000.00.                                Canton, Ohio, April 1st, 1891.
    "On or before October 1st, 1891, after date, I promise to pay to the order of Samuel L. Boggs, four thousand dollars at Canton, Ohio, with interest from date at six per cent. per annum, value received.
                    "Mary E. Allen, Executrix of the Will of Jno. C. Allen."

"$5,700.00.                                Canton, Ohio, April 1st, 1891.
    "On or before April 1st, 1891, after date, I promise to pay to the order of Samuel L. Boggs, five thousand seven hundred dollars, at Canton, Ohio, with interest at six per cent. per annum from date, value received.
                    "Mary E. Allen, Executrix of the Will of Jno. C. Allen."

—That on November 18, 1891, said Mary E. Allen tendered to the probate court of Stark county her resignation as executrix and trustee, which was accepted, and on December 1, 1891, Judson A. Wann was appointed and qualified by said court as administrator de bonis non with the will annexed of the estate of said John C. Allen, and continues to act as such.

Plaintiff seeks to recover against Wann, administrator, and Mary E. Allen individually. To this petition the two defendants have filed separate answers. Wann, in his first defense, admits all the allegations of the petition, but denies that Mary E. Allen, as executrix, had authority to execute and deliver said notes on behalf of the estate, or in any wise to bind the estate by them. Wann makes a number of other defenses, which need not be stated. To the answer of Wann the plaintiff files a demurrer on the ground that none of the defenses stated in the answer are sufficient in law to constitute a legal defense to the action on the notes. The recovery sought against Wann is against him as administrator, so that the judgment and execution, if rendered, would be de bonis testatoris.

A demurrer to an answer searches the record, and requires the court to examine into the sufficiency of the facts stated in the petition to constitute a legal cause of action against the answering defendant. The theory of the petition is that the executrix, by signing the notes as such, bound the estate; and that, as the administrator de bonis non is privy to the executrix whom he succeeds, he can be held under the obligations of the estate created by her. This theory cannot be supported, for the reason that the notes, signed by Mary E. Allen as executrix, did not bind the estate of the testator. The authority given to her in the clause of the will quoted in the petition is merely an authority to sell and reinvest the assets of the estate of the testator. No specific authority is given to bind the estate by new contracts of the executrix, except in so far as such contracts may be essential to the sale and reinvestment of the assets. The power to reinvest assets cannot include the power to go into debt and bind the estate to the payment thereof. It is well settled in Ohio that neither an administrator nor an executor has any power by giving a negotiable note to bind the estate, whether the transaction results in good to the estate or not. This is expressly laid down in the case of Curtis v. Bank, 39 Ohio St. 579, and the same general principle is announced in the case of Lucht v. Behrens, 28 Ohio St. 240, and in Kittredge v. Miller, 19 Wkly. Cin. Law Bul. 119.

It is well settled as a general rule, to which there are few exceptions, that, while an executor may disburse and use funds of the estate for purposes authorized by law, he cannot bind the estate by an executory contract, and thus create a liability not founded on a contract or obligation of the testator. Such a contract, however beneficial to the estate, is the personal contract of the executor. He may take credit in his accounts as executor for the payments to which such a contract renders him liable, but he cannot create a privity thereby between his promisee and the estate. The subject is fully discussed, and the view just stated is well supported, in

the cases of Austin v. Munroe, 47 N. Y. 360, and Ferrin v. Myrick, 41 N. Y. 315. It is possible that, in case of the insolvency of the executor, one who had rendered services or furnished property to the estate on the executor's promise to pay might in a court of equity hold the estate, not on the contract, but to the extent of the benefit actually conferred on the estate. Austin v. Munroe, supra; Kittredge v. Miller, 19 Wkly. Cin. Law. Bul. 119. This is, however, an action at law on the contract, and there is no allegation that Mary Allen is insolvent. The petition therefore does not state a cause of action against Wann as administrator, and he will be dismissed from the suit.

We come now to the demurrer to the answer of Mary E. Allen. She admits in her first defense all the averments of the petition, except the allegation that the notes were given for a good and valuable consideration, and that Boggs is the legal owner of the same. It is doubtful whether the denial that the notes were given for a good and valuable consideration is equivalent to an allegation that the notes were wholly without consideration, though probably it ought to be so construed. However this may be, the denial that Boggs is the lawful owner of the note is a good defense under the Code of Ohio, and for that reason the demurrer to the first defense of the answer must be overruled.

The second defense is as follows:

"This answering defendant further says that said notes set up in plaintiff's petition are fraudulent and void for the following reasons, and because of the facts herein stated: At and prior to the execution of said notes said plaintiff, Samuel L. Boggs, was the owner of 254 shares of the capital stock of the Monarch Coal Company, a corporation organized under the laws of Ohio, and doing business at Dennison, Ohio, in the mining and selling of coal. Said John C. Allen, in his lifetime, and at the time of his death, was also the owner of shares of the capital stock of the said the Monarch Coal Company. Said Boggs was also the owner at the time above mentioned of an undivided one-third of certain coal lands which were being operated by said the Monarch Coal Company. Said Samuel L. Boggs, being desirous of selling the stock of said the Monarch Coal Company and of his interest in said coal lands, did some time before the execution of said notes set up in the petition enter into negotiations with the said Mary E. Allen for the purpose of inducing her to purchase the same. Said negotiations on behalf of said Boggs were conducted by one F. K. Hurxthal, as the agent of said Boggs, and for and on his behalf; said Hurxthal being also the owner of large interests in said coal company and in said coal territory. Said Mary E. Allen, prior to and before and during the said negotiations and the execution and delivery of said notes, was a woman without experience in business matters, and without knowledge of the value of such property, and by reason of such inexperience and lack of knowledge, not understanding said business, and reposing trust and confidence in said Boggs and his agent, and their representations, for some time theretofore was a believer in the doctrines of a religion known as 'Christian Science,' and was actuated and controlled by the influences thereof, and was desirous of advancing the interest, doctrines, and beliefs of said religion, by means afforded by the control and operation of said mines of said company. Said Boggs and his agent knew that this defendant was desirous of purchasing said stock and coal interest with a view of obtaining control of said mines of said company, and operating the same for the advancement of the doctrines and the practice of the teachings of said 'Christian Science,' and they knew this defendant was under the control and influence of such teachings and doctrines, independently of which she could not and did not act; and by reason of the same, and by

reason of the premises, she was not able to and did not understand the value of said property, and was induced to purchase said stock of said Boggs, in her capacity of executrix as aforesaid, all of which said Boggs and his agent well knew. Said defendant further says that, had it not been for the matters and facts herein stated, and had she known the real value of said property, she would not have bought the same, all of which was well known to Boggs and his agent. This defendant says that Boggs and his agent, well knowing the premises, and taking advantage of the same, sold and transferred to said Mary E. Allen, executrix, as aforesaid, two hundred and fifty-four shares of the capital stock of the Monarch Coal Company and his undivided one-third interest in said coal rights for the consideration of $12,700.00, of which said Mary E. Allen paid $3,000.00 cash out of the funds of said estate to said Boggs, and as executor, by and under the authority and power of said will, executed and delivered said notes set up in the petition; and said notes were given for no other consideration whatever. Said stock and coal interests so transferred were not of the value of $12,700.00, and were only of nominal value, of all of which said Boggs and his agent had full knowledge, and said Mary E. Allen was wholly ignorant."

Looked at in the most favorable light for the defendant, this defense is that Boggs and his agent occupied such a relation of confidence to the defendant Mary E. Allen as that they were enabled to induce her to enter into an unconscionable contract with Boggs to purchase from him the stock and coal interests at the price of $12,700, when, as they well knew, the stock and coal interests were of only nominal value. There is no specific act of misrepresentation or fraud at law set out in this defense. It is quite possible that a court of equity, looking into all the circumstances of the transaction, would set aside the contract of sale on the ground of fraud, but legal fraud does not include so much as the fraud against which courts of equity protect parties. Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594. The defense above stated, if it is a defense at all, is an equitable defense, which cannot be made in a suit at law in the federal courts. Buller v. Sidell, 43 Fed. 116; Doe v. Roe, 31 Fed. 97; Parsons v. Denis, 7 Fed. 317; Bennett v. Butterworth, 11 How. 669. The case of Judy v. Louderman, 48 Ohio St. 562, 29 N. E. 181, has no application. There the supreme court held that an equitable defense could be pleaded in an action on a note under the Code of Ohio. In Ohio, however, under the Code, there is no distinction now made between actions and defenses at law and in equity. Equitable defenses may be pleaded in what were, before the Code, actions at law. In the United States courts the equity and law jurisdictions are still separate and distinct.

The second defense is not that of a failure of consideration. The defendant does not deny that she received the shares of stock and the coal interests which her contract called for. What she does deny is that they were equal in value to the price she paid for them. Unless she has lawfully rescinded the contract for fraud or breach of warranty, and has tendered back the stock and coal interests conveyed to her in accordance with the purchase, she is not in a position to set up a failure of consideration except by way of recoupment for damages by a breach of warranty. She does not aver any rescission of the contract on her part, nor does she set forth

any warranty or breach of it by Boggs.    For this reason the demurrer to this defense must be sustained.

The third defense is as follows:

"For a further defense this defendant adopts and reaffirms the allegations hereinbefore made as to the sale of said stock and coal interests, and the relations and conduct of said parties in giving and taking said notes, and the consideration therefor, as though repeated herein, and says that to induce said Mary E. Allen, as executrix, as aforesaid, to purchase said stock and coal interests, said Boggs and his agent did cause to be known and represented to said Mary E. Allen that said coal mine was making large dividends and profits, whereas in truth and in fact said coal mine was substantially worked out, was of little value, and such profits as said mine had been in fact making were made because of the fraudulent practices of the said the Monarch Coal Company, its officers and agents, in mining and selling said coal. Said company had for many years as its only customer for its products the Pennsylvania Company, operating the Pittsburgh, Cincinnati and St. Louis Railway Company. That said coal company had been for a long time charging said Pennsylvania Company with much more coal than it in fact delivered to it, and had been deducting from the miners much more coal than it was authorized to take from them in allowing their weight for coal mined; and, had such facts been known to her, she would not have entered into such transaction, and would not have given said money or notes, all of which said Boggs and his agent well knew, and of which said Mary E. Allen was ignorant at the time of the transaction, and by means of which statements, representations, and facts she was induced to enter into said transaction and give said notes; whereby said notes are fraudulent and void."

The fraud stated in this defense is what is cognizable as fraud at law.    The misrepresentation made by the plaintiff was that the coal mine was making large dividends and profits, whereas in fact the mine was substantially worked out, and the apparent dividends and profits were made by fraudulent practices upon the Pennsylvania Company, to whom the coal was sold.    The reasonable interpretation of a representation that a company is making dividends and profits is that it is making lawful dividends and profits; and if, instead of this, the company is stealing from some one money with which to declare fictitious dividends and profits, the representation is untrue.    In this case the representation was material, and is alleged to have induced the defendant to purchase. She would therefore have the right to rescind the contract by tendering back the stock and coal interests, and demand her notes. In defense of them she could plead a total failure of consideration. She does not allege a tender and rescission, but she does allege that the value of the stock and coal interests is nominal, which I construe to mean that they are worthless.    In such a case, a tender and rescission is a needless formality.    Even if it prove to be only a partial failure of consideration, she has the right to reduce the recovery against her by the difference between the value of the thing as represented and as actually furnished.    This whole question is fully considered by the supreme court in Withers v. Green, 9 How. 213, where, in an opinion by Mr. Justice Daniel, of the supreme court of the United States, the strict rules of the common law as to the necessity for cross actions are much relaxed. In that case the action was on a promissory note.    The plea was

that the note had been given in the purchase of a horse, which the defendant had falsely represented as sound and of good pedigree, whereas in truth and in fact the horse was unsound, and had no pedigree. It appeared that the horse had died while in the possession of the defendant, and it did not appear that any notice had been given by the defendant of the rescission of the contract of sale, or that there had been any tender back of the horse after the defendant became aware of the falsity of the representations. The plea went on then to aver that, in view of the foregoing circumstances, the note was fraudulent and void. The supreme court held that the plea was good even though no rescission of the sale or tender back of the property was averred; that, even if it appeared that the horse was worth something, the plea might be construed as a plea of partial failure of consideration. Withers v. Green has been followed in Van Buren v. Digges, 11 How. 461. For these reasons the demurrer to the third defense will be overruled.

The fourth defense is as follows:

"For a further defense this defendant adopts and reaffirms the allegations hereinbefore made as to the sale of said stock and coal interests, and the relations and conduct of said parties in giving and taking said notes, and the consideration therefor, as though repeated herein, and says that said attempted transaction for the sale of said stock and said coal interests was and is fraudulent and void, because of the fact that the said stock in said the Monarch Coal Company and said coal interests were and are worth but a nominal sum, and were so undertaken to be sold to said Mary E. Allen, executrix, as aforesaid, for the sum of $12,700, a sum grossly exceeding the value of said stock and coal interests; and said transaction is unconscionable and fraudulent and void because of said gross inadequacy of consideration for said notes."

This defense is bad. It rests solely on the inadequacy of the consideration. Inadequacy of consideration, in equity, is sometimes such strong evidence of fraud as to induce a court of equity to set the sale aside, especially if there are circumstances showing that the party receiving such a consideration was overreached in any way, but it is not a good defense at law, unless accompanied by misrepresentation or fraud. If the defendant intends to rely on the inadequacy of the consideration or the other circumstances stated in her second defense, she should file her bill in equity against Boggs, tendering back the stock and coal interests which she procured under the contract, averring the fraud set forth in that defense, and praying the court to enjoin the suit at law on the notes, to rescind the contract, and to require Boggs to deliver the notes up to be canceled. This relief she cannot obtain as a defendant in a suit at law on the notes.

The fifth defense is that she signed these notes as executrix by virtue of the authority given her by the will, and that the stock purchased is a part and parcel of the estate, and that, therefore, she is not personally liable. As we have seen in considering the demurrer to Wann's answer, the executrix, in signing these notes, binds only herself. She did not bind the estate. If she has any claim against the estate for turning over the stock purchased to it, that is a matter of adjustment between her and the adminis-

trator de bonis non. She alone is liable on the notes, whatever benefit the transaction in which they were given has conferred upon the estate.

The answer concludes as follows: "Therefore this defendant prays that the petition of the plaintiff may be dismissed, and that said notes may be delivered up and canceled, and for all proper relief." The prayer is for purely equitable relief in an answer at law. This is wholly inadmissible, and makes plain in one sentence the erroneous theory on which the second and fourth defenses are founded.

The demurrer to the first and third defenses will be overruled. The demurrer to the remaining defenses will be sustained.