## Case No. 9,722.

### MONTEJO et al. v. OWEN et al.

[14 Blatchf. 324.] [1]

Circuit Court, S. D. New York. Sept. 15, 1877.

JUDGMENT—PRACTICE AT LAW—EQUITABLE DEFENCES.

1. M. brought an action at law, in this court, on a judgment recovered by him against O., in another court. O., by answer, set up a variety of matters which were not defences at common law against the judgment, but which were claimed to give O. an equitable right to prevent the enforcement of the judgment. On demurrer to the answer: *Held*, that the demurrer must be sustained.

[Cited in La Mothe Manuf'g Co. v. National Tube-Works Co., Case No. 8,033; Cortes Co. v. Thannhauser, 9 Fed. 227; Potts v. Accident Ins. Co. of North America, 35 Fed. 567.]

2. Section 914 of the Revised Statutes of the United States does not authorize such an answer to be put in, in an action at law.

[Cited in Doe v. Roe, 31 Fed. 99; Church v. Spiegelburg, Id. 602; Herklotz v. Chase, 32 Fed. 433; Wood v. Consolidated Electric Light Co., 36 Fed. 539.]

[This was an action by Francisco J. Montejo and others against Thomas J. Owen and others. The plaintiffs demur to answer of defendants.]

Granville P. Hawes, for plaintiffs.
Frederic R. Coudert, for defendants.

JOHNSON, Circuit Judge. This case comes up on a demurrer by the plaintiffs to the answer of the defendants. The action is upon a judgment rendered by the circuit court of the United States for the district of Louisiana, in favor of the present plaintiffs against the present defendants. The answer sets up a variety of matters which are not defences at common law against the judgment, but which are claimed to give the defendants an equitable right to prevent the enforcement of the judgment. These matters the defendants insist are available to them as a defence in this suit, by force of section 914 of the Revised Statutes of the United States. That section prescribes, that, "the practice, pleadings, and forms and modes of proceeding, in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time, in like causes, in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

It must be assumed, that, in a suit upon a judgment, brought in a court of the state of New York, the defence set up in the answer in this suit would be available by way of answer, if sufficient in substance to entitle the party to relief against the judgment. Such is the known and established law of pro-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

cedure in the state of New York, introduced by sections 69, 150 and 167 of its Code of Procedure. The first of these abolishes the distinction between actions at law and suits in equity, and the forms of all such actions and suits theretofore existing, and declares, that thereafter there shall be, in that state, but one form of action. The next section cited enacts, that the defendant may set forth, by answer, as many defences and counter-claims as he may have, whether they be such as had been theretofore legal or equitable, or both. The last section named enacts, that the plaintiff may unite in the same complaint several causes of action, whether they be such as had been theretofore denominated legal or equitable, or both, under certain specified conditions. These sections of the Code deal with claims legal and equitable, and defences legal and equitable, set up by answer, and counter-claims of both characters. In pursuance of the policy thus indicated, section 274 of such Code provides, that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. It is, of course, obvious, that this system, while it undertakes to provide for the means of administering indiscriminately legal and equitable remedies, in substance, founded upon legal and equitable rights, completely ignores all the former schemes of procedure founded on the recognition of their differences. Now, from the purview of section 914 of the United States Revised Statutes, which is already set forth, equity and admiralty causes are completely excluded, in terms. That section does not relate to them, except to effect such exclusion. The jurisprudence of the United States has recognized this distinction in numerous cases, as one of substance, as well as of form and procedure. Robinson v. Campbell, 3 Wheat. [16 U. S.] 212; Bennett v. Butterworth, 11 How. [52 U. S.] 669; McFaul v. Ramsey, 20 How. [61 U. S.] 523; Jones v. McMasters, Id. 8, 22; Fenn v. Holme, 21 How. [62 U. S.] 481; Thompson v. Railroad Co., 6 Wall. [73 U. S.] 134. In the last case cited, Mr. Justice Davis says, giving the opinion of the court: "The constitution of the United States and the acts of congress recognize and establish the distinction between law and equity. The remedies in the courts of the United States are, at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles. And, although the forms of proceedings and practice in the state courts shall have been adopted in the circuit courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity,

nor as authorizing legal and equitable claims to be blended together in one suit." In the case of Bennett v. Butterworth, above cited, Chief Justice Taney said: "The constitution of the United States, in creating and defining the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may, undoubtedly, proceed according to the forms of practice, in such cases, in the state court. But, if the claim is an equitable one, he must proceed according to the rules which this court has prescribed, regulating proceedings in equity in the courts of the United States."

That these discriminations between legal and equitable rights and suits are substantial, in the jurisprudence of the United States, is further apparent from provisions of the statute law, as well as from the decisions of the courts. Under section 721 of the Revised Statutes, the laws of the several states, with certain exceptions, must be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply; while, on the other hand, the law of equity, in the courts of the United States, is one and the same in every state, not dependent upon local law. "Wherever a case in equity may arise and be determined, under the judicial power of the United States, the same principles of equity must be applied to it, and it is for the courts of the United States, and for the supreme court, in the last resort, to decide what those principles are, and to apply such of them to each particular case, as they may find justly applicable thereto." Neves v. Scott, 13 How. [54 U. S.] 268. Nor are the statutes silent as to the forms and modes of procedure in suits in equity. Section 913 of the Revised Statutes declares, that they shall be according to the principles, rules and usages which belong to courts of equity, except as modified by statute, or rules made in pursuance of statute, or by the supreme court. That court has, accordingly, prescribed a body of rules regulating, very largely and comprehensively, the practice in equity.

It is claimed, that, inasmuch as the present action is one to enforce a judgment, and, therefore, not an equity cause, the procedure is to be conformed to that of the state courts, upon such a cause of action; and that, as those courts allow an equitable right to set aside or restrain the execution of such a judgment, by way of answer, the courts of the United States must conform to that rule. But, this is a mere confusion of names. This so-called defence is an affirmative equitable right to the relief asked. It, under the cases and statutes cited, is to be administered under the equitable principles, and according to the equitable procedure, of the courts of the United States. In that respect, the procedure cannot be conformed to the state practice without overthrowing the whole scheme for the administration of equity in the courts of

the United States. The action is at common law. The defence is, substantially, an action in equity, and it cannot, because it assumes the guise of an answer or defence under the state law, escape from the control of the laws of the United States as to the modes of enforcing equitable rights. The demurrer must be sustained, and judgment given for the plaintiffs, with leave to the defendants to amend, on payment of costs, within twenty days.