## CHURCH *v.* SPIEGELBURG and another.

*(Circuit Court, S. D. New York. July 26, 1887.)*

1. COUNTER-CLAIM—ACTION UPON CONTRACT.

   In an action for breach of a contract of partnership, defendant's answer set up a counter-claim, alleging that the plaintiff failed to bring to the firm the amount and kind of business he had agreed to. *Held*, that under section 501, Code Civil Proc. N. Y., the cause of action set forth in the complaint arising on contract, the counter-claim, which also arose on contract, might be set up.

2. COURTS—FOLLOWING STATE PRACTICE—EQUITABLE COUNTER-CLAIM—ACTION AT LAW.

   In such a case, a counter-claim set up in the answer was for an accounting and adjustment of the affairs of the partnership. *Held*, that an equitable defense, though admissible in a state court, cannot be interposed to an action at law, in an action at law in the United States courts, notwithstanding the provision of Rev. St. § 914, that, in causes other than those in admiralty and equity, the practice of the state courts shall be followed.

At Law.    Action to recover damages for breach of contract.    On motion to strike out counter-claims.

*J. K. Hayward,* for plaintiff.

*Seligman & Seligman,* for defendant.

LACOMBE, J.    Plaintiff and defendant heretofore formed a copartnership for the purpose of carrying on the dry goods commission business in the city of New York.    By the terms of their articles of copartnership, defendants were to furnish $120,000 capital, and plaintiff was to bring to the firm what is known as "commission business," amounting to about $1,000,000 per annum.    The complaint avers that the plaintiff fulfilled his obligations under the articles, but that the defendants, "in violation of their duties to plaintiff and to said firm," wrote to certain manufacturers, whose business plaintiff had secured, repudiating existing contracts with them, and making false representations as to the inability of the firm to make advances on goods consigned to them, to the great damage of the firm and of the plaintiff.    The amended answer of the defendants sets up, *inter alia,* two counter-claims, which plaintiff now moves to strike out.    The complaint indicates that this is a common-law action on contract.    As such, the sufficiency of the pleading is to be tested by the rules of the state courts.    Rev. St. § 914.    The first counter-claim is for a breach of the contract of partnership by the plaintiff, in that, as alleged, he failed to bring to the firm the amount and kind of commission business which he had agreed to.    The cause of action set forth in the complaint arising on contract, the counter-claim, which also arises on contract, may be set up.    Code, § 501.    The second counter-claim is for an accounting and adjustment of the affairs of the partnership.    This is an equitable cause of action, and section 914 of the Revised Statutes has been construed as not allowing the interposition of equitable defenses in a legal action.    *Montejo* v. *Owen,* 14 Blatchf. 324; *Parsons* v. *Denis,* 7 Fed. Rep. 317.

The motion to strike out the *second* counter-claim is therefore granted, that to strike out the *first* counter-claim is denied.