HERKLOTZ and another *v.* CHASE.

*(Circuit Court, S. D. New York.* September 30, 1887.)

1. COURTS—PRACTICE IN FEDERAL COURTS—EQUITABLE DEFENSE AT LAW.
   The provisions of Rev. St. U. S. § 914, conforming the practice, pleadings, etc., in the federal courts, to such as are followed in the state courts, do not adopt the state law allowing equitable defenses in a legal action.

2. ACTION—EQUITABLE DEFENSE AT LAW—WHAT CONSTITUTES.
   In an action on a promissory note by the payee against the maker, one paragraph of the answer averred that the plaintiffs and defendant had had various dealings in the sale of produce; that, at the time of the delivery of the note, plaintiffs falsely represented that they had bought certain produce for defendant; that there had been a depreciation in the market, and that the defendant was indebted to them in the amount of the note which was made and delivered, relying upon said representations; that these representations were wholly untrue; and that there was not at the time of the making and delivery of the note any indebtedness from the maker to the payee. *Held,* on motion to strike out the paragraph on the grounds that it asked for equitable relief, and alleged no cause of action, that the defense set up was "no consideration," which, if established, was a valid defense at law.

3. PLEADING—MOTION TO MAKE MORE CERTAIN.
   A motion to make such paragraph more definite and certain will not be entertained as the failure of consideration is distinctly averred, the transactions out of which the indebtedness, if any, arose are as familiar to the plaintiffs as the defendant, and the production of the note would lay the burden of proving failure of consideration on the defendant.

At Law. On motion to strike out or make more definite certain paragraphs of the answer.

*T. Henry Dewey,* for plaintiffs.

*F. W. Angel,* for defendant.

LACOMBE, J. The separate defense and counter-claim set up in paragraph 7 of the answer asks for equitable relief. The cases from the state courts cited by the defendant do not apply, it being abundantly settled by authority that the provisions of section 914, Rev. St., conforming the practice, pleadings, etc., to such as are followed in the state courts, do not adopt the state law allowing equitable defenses in a legal action. *Montejo* v. *Owen,* 14 Blatchf. 324; *Myrick* v. *Roe,* 31 Fed. Rep. 97; *Church* v. *Spiegelburg,* Id. 601. The motion to strike out this defense and counter-claim is therefore granted.

The plaintiffs also move to strike out the separate defense set up in paragraph 9 of the answer, on the ground that it asks for equitable relief, and for the further reason that no cause of action is therein alleged, or that the same be made more definite and certain. The action is brought by the payee of a promissory note against the maker. The answer admits making and delivery of the note, avers that plaintiffs are not *bona fide* holders for value, but received the same with notice, and without parting with any consideration or value therefor. Then follows paragraph 9, the subject of this motion. It avers that plaintiffs and defendant had had various dealings in the sale of produce; that, at the time of the delivery of the note, plaintiffs falsely represented that they

v.32F.no.7—28

had bought certain produce for defendant; that there had been a depreciation in the market, and that this defendant was indebted to them in the amount of the note, which was made and delivered relying upon said representations. These representations were; it is alleged, wholly untrue, and there was not at the time of the making and delivery of the note any indebtedness from the maker to the payee. This is neither more nor less than the defense of *no consideration* already pleaded. The paragraph states the defense in more detail, alleging that the assumed consideration was a prior indebtedness, which it avers did not in fact exist. This, if established, is a valid defense between the original parties, and it is a defense at law. The motion to strike out on the ground stated in the moving papers is therefore denied.

The motion to make more definite and certain is also denied. Defendant has distinctly averred that the failure of consideration on which he relies is to be shown by establishing to the satisfaction of the court and jury that there was not, when the note was given, anything due from defendant to plaintiffs. The transactions out of which the indebtedness, if any, arose, are as familiar to the plaintiffs as to the defendant, and, in view of the fact that the production of the note will lay the burden of proving failure of consideration on the defendant, plaintiffs are sufficiently notified as to the defense. Further detail would be a mere pleading of the evidence on which defendant relies.