MOSES BULKLEY et al., Respondents, *v.* PARKER R. WHITCOMB,. Appellant.

The liability of stockholders of a corporation under the Manufacturing Act of 1848 (§ 10, chap. 40, Laws of 1848), for its debts and contracts until the filing of a certificate of full payment of the capital, is a trust fund which the directors are bound to apply honestly and in good faith for the interest of the company and its creditors, and the officers of the company cannot be allowed to avail themselves of their position and opportunity to deplete that fund for their own benefit so as to escape the supervision of equity.

A director of a manufacturing corporation owes to it the duty of acting in its interest and for its benefit, and may not buy up its outstanding debts for his own benefit, knowing it to be insolvent and intending thereby to get an advantage over other creditors by holding the debts. purchased for their full amount.

In an action to charge defendant as a stockholder in a corporation organized under said act, for a debt contracted before the capital stock had been paid in and a certificate filed, defendant pleaded as an offset two. notes executed by the president and P., the treasurer of the company, to the order of P., who indorsed them without recourse. Judgment was obtained upon them by one S., who claimed as assignee from P. for value and before maturity, in which action P. was named as a defendant, but was not served with the summons. At about the same time the company became insolvent. S. transferred his judgments to defendant, who was at the time a director of the company, for an expressed consideration of $10. Defendant testified that he bought the judgment of the president of the company at its office and in the presence of its treasurer. It did not appear how said president acquired his ownership; it did appear that the consideration expressed was not in fact paid. A verdict was directed in favor of plaintiff. *Held*, no error; that defendant had no equitable claim upon the fund, and *it seems* if a consideration had been paid by him for the transfer, he would have had no such claim beyond the amount actually paid.

(Argued March 11, 1890; decided April 15, 1890.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department made June 25, 1888, which overruled defendant's exceptions and ordered judgment for plaintiffs upon a verdict directed by the court.

This action was brought under the Manufacturing Act to charge defendant as a stockholder in the Waverly Publishing

Company, a corporation organized under said act, with a debt of the company incurred before the filing of a certificate of full payment of its capital stock.

The material facts are sufficiently stated in the opinion.

*L. Laflin Kellogg* for appellant. If the plaintiffs have succeeded in proving a *prima facie* case entitling them to relief (which is strenuously denied), they would not be entitled to recover against this defendant as against the equitable offset set up in the defendant's answer, and fully proved upon the trial. (*Mathez* v. *Neidig*, 72 N. Y. 100 ; *Garrison* v. *Howe*, 17 id. 458 ; *Agate* v. *Sands*, 73 id. 620 ; *Wheeler* v. *Miller*, 90 id. 359 ; *Christensen* v. *Colby*, 110 id. 660 ; 43 Hun, 362 ; South. & Jones on Corp. 125, § 10 ; Thomson on Stockholders, § 392 ; *Jones* v. *Wiltberger*, 42 Ga. 578 ; *In re H. I. W. Co.*, L. R. (8 Eq. Div.) 122 ; Cook on Stockholders, §§ 225, 666 ; *Cornell* v. *Clark*, 104 N. Y. 451 ; *Duncan* v. *N. Y. H. & N. R. R. Co.*, 84 id. 199 ; *Y. Co.* v. *McKenzie*, 8 B. Par. Cas. 42 ; *Courey* v. *Altman*, 71 N. Y. 453 ; *Carnes* v. *Platt*, 9 J. & S. 435 ; *Livingston* v. *Arnoux*, 56 N. Y. 507 ; *Eno* v. *Crook*, 10 id. 60 ; *Storey* v. *Bishop*, 4 E. D. Smith. 423 ; *Ward* v. *Lewis*, 4 Pick. 518 ; *Holbrook* v. *N. J. Z. Co.*, 57 N. Y. 616 ; *Lehman* v. *Van Slyck*, 8 Wend. 403.) The court erred in admitting the stock-book in evidence. (*Kearney* v. *Mayor, etc.*, 92 N. Y. 617.)

*Frederic A. Ward* for respondent. The liability of defendant was clearly made out. (Laws of 1848, chap. 40, § 10.) The defendant, being a director and a trustee of the company, could not, after the insolvency of the company, buy up claims against it at a discount, or acquire them for nothing and set them up as a creditor at their par value. (*Wheeler* v. *Miller*, 90 N. Y. 353, 359 ; *Conro* v. *P. H. I. Co.*, 12 Barb. 27, 64 ; *Green* v. *Winter*, 1 Johns. Ch. 36 ; 3 P. Wms. 249 ; 1 Salk. 155 ; *Marvin* v. *Bennett*, 26 Wend. 182 ; Cook on Stockholders, § 660 ; *Duncomb* v. *N. Y. H. & N. R. R. Co.*, 84 N. Y. 190.) The judgments claimed to have been given to

the defendant by Rideout would not constitute a valid offset, even if defendant were under no disability as trustee to acquire them for less than their face. The defendant has not paid on account of the debts of the corporation a sum equal to the amount of his stock. (*Garrison* v. *Howe*, 17 N. Y. 463; *Agate* v. *Sands*, 73 id. 620; *Briggs* v. *Penniman*, 8 Cow. 392; *Wheeler* v. *Miller*, 90 N. Y. 359; *Richards* v. *Kingsley*, 14 Daly, 334–338; *Briggs* v. *Cornwall*, 9 Daly, 436; *Sawyer* v. *Hoag*, 17 Wall. 610, 622; *Lawrence* v. *Nelson*, 21 N. Y. 158; *Jones* v. *Wittberger*, 42 Ga. 575; *Kunkelman* v. *Retzcher*, 15 Brad. 271; *Thompson* v. *Meisser*, 108 Ill. 351; *Gauch* v. *Harrison*, 12 Brad. 457; *Manville* v. *Karst*, 16 Fed. Rep. 173; *Belcher* v. *Wilcox*, 40 Ga. 391; *Smith* v. *Mosely*, 9 Heisk. 501.) The motion to dismiss the complaint was properly denied (*J. I. Co.* v. *Walker*, 76 N. Y. 521, 524; *Muldon* v. *Whitlock*, 1 Cow. 290; *Parrott* v. *Colby*, 6 Hun, 55; 71 N. Y. 597.) The evidence of the contents of the stock-book was properly received. (Laws of 1848, chap. 40, § 25.) The motion made by defendant at the trial to amend his answer was properly denied. (*Joslyn* v. *Joslyn*, 9 Hun, 391; *Graves* v. *Cameron*, 9 Daly, 152; *Derzengrenel* v. *Derzengrenel*, 24 Hun, 458; *Parrott* v. *Colby*, 6 id. 55; *McMaster* v. *Davidson*, 29 id. 544; *People* v. *Sandman*, 12 id. 168; *Burnet* v. *Book-staver*, 10 id. 485.) The statute, so far as stockholders are concerned, is in no sense penal, but simply declarative of their common-law liability as original contractors. (*Corning* v. *McCullough*, 1 N. Y. 47; *Flash* v. *Conn*, 107 U. S. 371.)

FINCH, J. The substantial controversy on this appeal respects the validity of the equitable offset asserted by the defendant. The Waverly Publishing Company became a corporation by filing a certificate under the Manufacturing Act of 1848 on the 12th day of February, 1886. Whitcomb was not named in it as one of the five trustees. No certificate of full payment of the capital stock was filed until October 8, 1886, so that during this interval of about eight months all debts contracted by the corporation had the security of the

stockholders' personal liability to an amount equal to their shares. The defendant Whitcomb became such a stockholder. The stock-book showed him to be the owner of twenty shares of the par value of $2,000. Objection was taken to the manner of proving it and the sufficiency of the evidence, and thereupon the plaintiff called Whitcomb himself, and, referring to the shares already mentioned, asked him: "When did you get your stock in the Waverly Publishing Company?" to which he answered: "When the project was started; I don't remember when." Later on, when asked if he got it before the first of May, he replied: "I presume I did." He was also a director of the company. He said, in answer to that inquiry: "I presume that I was, but I don't know it; I never resigned." It was further established that in August and September of 1886, the plaintiffs sold and delivered to the Waverly Company large quantities of paper, for which indebtedness accruing before October 8, 1886, they recovered judgment, in April, 1887, for more than $5,000, and issued an execution, which was returned unsatisfied. That made the plaintiffs' case.

The defendant then gave proof of his alleged offset. He proved two notes dated September 15, 1886, executed by the Waverly Company by E. G. Rideout, president, and John F. Phillips, treasurer, to the order of John F. Phillips, and indorsed by him without recourse, for more than $1,200 each. What they were given for we do not know. In January, 1887, they were sued by Joseph B. Stillwell, who alleged their transfer to him by Phillips for value and before maturity, and obtained judgment about February of that year. Phillips, although named as a defendant, was not served with the summons. At about the same date the Waverly Company failed. Munsey was appointed receiver at some time in March, but how early does not appear. Stillwell made a written assignment of each of his judgments for an expressed consideration of $10, and dated March 1, 1887, to the defendant. Each assignment was witnessed by Frank P. Norton, who, on the 19th of October, 1887, made the

formal affidavit of their execution by Stillwell, but without certifying when that event occurred. Neither Stillwell nor Norton make their appearance as witnesses. The defendant testifies that he bought the judgment of Rideout. The latter was president of the company, and, in that character, executed the notes upon which it was obtained. How Rideout acquired his ownership we are not informed. The defendant's purchase was made at the office of the company and in the presence of Phillips, and must have been after Stillwell obtained his judgments on the first of February, but how long after it is again impossible to say with certainty. While defendant bought of Rideout, the assignment was made by Stillwell. Even the $10 recited as the consideration appears not to have been paid, for the defendant says the consideration was his going into a business venture with Rideout. Called upon to explain, he said it was a land scheme — " The Leroy Florida Land Co." — which was never organized and fell through. It is these two judgments which constitute the defendant's alleged equitable offset. The counsel for the plaintiffs denounces them as a sham, and, to a suspicious temperament, the circumstances might easily seem suggestive; but, without going so far as that, there appears to be sufficient reason for the action of the court in rejecting them as an offset. The trial judge was justified in assuming that the defendant was a director of the Waverly Company at the time of his purchase of the Stillwell judgments. If his election to that office was made after March 1, 1886, which was the date of that purchase specified in the assignments, it was easy for him to say so, but, while admitting his official character and that he never resigned it, he omits to say when it began. It is enough that he averred no such defense of his action when its validity was directly assailed, and the proof of his official character came from his own words.

As a director of the company, owing to it the duty of acting in its interest and for its benefit, he could not buy up its outstanding debts for his own benefit, knowing it to be insolvent, and intending thus to get an advantage over other

creditors, and hold the debts purchased for their full amount. The stockholder's liability is a trust fund, which the directors are bound to apply honestly and in good faith for the interest of the company and its creditors, and the officers cannot· be allowed to avail themselves of their position and opportunity to deplete that fund for their own benefit, so as to escape the supervision of equity. The stockholder's right of offset is founded upon no statutory provision, but is the creation of a court of equity, and is measured by the just requirements ·of the situation. It goes upon the ground that the two equities are in all respects equal, and so refuses to give one the mastery of the other. But in this case they are not equal. It would be very dangerous to hold otherwise. Directors who were stockholders to large amounts and personally liable, as was this defendant, might, upon the approach of insolvency, be tempted to contract corporate debts by the issue of notes for the purpose of buying them up cheaply thereafter and escaping thus their personal liability.

The defendant here, who purchased while a director, has no equitable claim upon the fund which it is his duty to protect and administer, beyond the amount which he actually paid. It does not appear that he paid anything for the judgments or has exhausted any part of his liability in the payment of corporate debts.

We think, therefore, the judgment was right and should be affirmed, with costs.

All concur.

Judgment affirmed. _____