## PLATT v. LARTER et al.

(Circuit Court, S. D. New York. May 31, 1899.)

1. CORPORATIONS—STOCKHOLDERS' LIABILITY—NEW YORK STATUTE.
   Laws N. Y. 1892, c. 688, §§ 54, 55, which impose upon stockholders of a corporation certain liabilities to pay its debts, and provide that such liability shall continue for two years, apply only to stockholders in New York corporations, and the limitation cannot be invoked by a stockholder in a foreign corporation.

2. SAME—LIABILITY OF STOCKHOLDERS UNDER KANSAS STATUTE.
   A stockholder in a Kansas corporation, who, under the statute of that state, becomes liable to a judgment creditor of the corporation on the return of an execution against the corporation unsatisfied, cannot defend against a suit to enforce such liability on the ground that the corporation has some assets in the hands of its receiver.

3. SAME—ACTION TO ENFORCE STOCKHOLDERS' LIABILITY—EQUITABLE SET-OFF.
   Equitable defenses are not permitted in actions at law in the federal courts; and, in an action to enforce the liability of a stockholder in a Kansas corporation to a creditor of the corporation, a set-off which is equitable in its nature, and does not arise out of any provision of the statute creating the liability, cannot be considered.

On Demurrer to Answer.

Powell & Cady, for plaintiff.
Smith & Bowman, for defendants.

SHIPMAN, Circuit Judge. This is an action at law to enforce the liability of the defendants, as executors of the last will of John A. Larter, who in his lifetime was a stockholder of the Western Farm Mortgage Trust Company of Kansas, and which stock the defendants, as executors, own, to pay the debts of that corporation. The complaint alleges, among other things, that the

Commercial National Bank of Denver, Colo., recovered on June 3, 1893, in a state court of Kansas, a judgment against the Western Farm Mortgage Trust Company; that the execution which was issued upon this judgment was returned unsatisfied on September 7, 1894, and is unpaid; and also alleges the ownership by the defendants of 10 shares of stock at the date of the entry of judgment. John A. Larter died on April 6, 1893. The defendants were appointed executors on May 1, 1893. This action was commenced on September 10, 1898. The alleged liability is $1,000 and interest. The plaintiff is receiver of the Commercial National Bank. The defendants, in their answer, stated nine defenses, to the second, sixth, and eighth of which the plaintiff demurred. The defenses which were demurred to are as follows:

Second. "Said defendants allege, upon information and belief, that the alleged cause of action set forth in the complaint matured and became due more than two years immediately preceding the commencement of this action, and that therefore this action cannot be brought under the statutes of the state of New York." Sixth. "Said defendants allege, upon information and belief, that said Western Farm Mortgage Trust Company of Lawrence. Kansas, with its property and assets, went into the hands of a receiver or receivers, and certain of such property and assets remains in the hands of such receiver or receivers, and is applicable to the discharge of obligations held by creditors of said corporation, in exoneration of these defendants." Eighth. "That said defendants allege, upon information and belief, that before and at the time of the commencement of this action the said Western Farm Mortgage Trust Company of Lawrence, Kansas, was and still is indebted to the defendants in the sum of at least $1,067.75, with interest thereon at the rate of seven per cent. per annum from the 5th day of January, 1898, for the following cause: That on the date last mentioned, and for a long time prior thereto, and at the present time, these defendants, as executors aforesaid, were and are the holders and lawful owners of a certain bond or obligation of the said Western Farm Mortgage Trust Company of Lawrence, Kansas, in the sum of $1,000, which is long past due, and no part of which has been paid; that in the year 1897 these defendants commenced their action against the said Western Farm Mortgage Trust Company of Lawrence, Kansas, upon said bond, in the district court of Douglas county, Kansas, by personal service of the summons in said action upon the said trust company within the jurisdiction of said court; that in said action said trust company duly appeared by its attorneys, and that the issues in said action came regularly on to be heard by the said district court of Douglas county, Kansas, on the 5th day of January, 1898, and, the issues having been then duly tried in said court, judgment was rendered thereby in favor of these defendants (the plaintiffs in said action) against the said Western Farm Mortgage Trust Company of Lawrence, Kansas, for the sum of $1,067.75, with interest at seven per cent. per annum, and that said judgment is now in full force and effect and is wholly unpaid; that the said district court of Douglas county, Kansas, had full jurisdiction, under the laws of said state, to hear and determine said cause; that thereafter, and on the 7th day of January, 1898, an execution against the property of said trust company upon the said judgment was duly issued out of the said district court, directed and delivered to the sheriff of Douglas county, where the said Western Farm Mortgage Trust Company was located; that said writ of execution was thereafter returned to the said court wholly unsatisfied; that out of the said sum of money so due to these defendants they hereby offer to set off to the plaintiff so much as will be sufficient to satisfy the plaintiff's damages, if any shall be found in his favor in this action, in respect of the alleged matters complained of."

The defendants ask to amend the second defense, so that it shall allege that the action was not brought within two years after the

defendants' testator ceased to be a stockholder of said mortgage company, and that therefore this action cannot be brought under the statutes of the state of New York. It appears that the testator died on April 6, 1893, and the defendants' point is that he ceased to be a stockholder more than two years before the suit was brought.

Sections 54 and 55 of the New York stock law of 1892 (chapter 688, Laws 1892) impose upon stockholders of a corporation certain liabilities to pay its debts, and provide that the liability shall continue for two years after the defendant ceases to be a stockholder. While some of the sections of the statutes refer to foreign corporations, this liability is one imposed upon New York corporations, and sections 54 and 55 have no reference to the stockholders in foreign corporations.

The sixth defense is also of no value. Section 32 of the Kansas statute (chapter 23, p. 221, Comp. Laws 1879), upon which this action is brought, made the liability of the stockholder to mature at and upon the return of an execution unsatisfied. When an execution was returned nulla bona, the right of action against the stockholder accrued or became enforceable, notwithstanding the insolvent corporation might have some scattered assets. Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759; Sleeper v. Norris, 59 Kan. 555, 53 Pac. 757.

The eighth defense is not permissible in an action at law in the federal courts. It alleges that the mortgage trust company is indebted to the defendants, as executors, in a claim upon a bond of this company which has been merged in an unpaid judgment against it rendered on January 5, 1898, for $1,067.75, and offers to set off to the plaintiff so much of said judgment as will be sufficient to satisfy his damages. This sort of set-off has been permitted in Kansas as a matter of equity (Abbey v. Long, 44 Kan. 688, 24 Pac. 1111; Musgrave v. Association, 5 Kan. App. 593, 49 Pac. 338), and has been permitted as an equitable set-off in suits in the courts of New York, to obtain from directors and stockholders of a manufacturing corporation payment of debts against such corporation (Mathez v. Neidig, 72 N. Y. 100; Wheeler v. Millar, 90 N. Y. 359); but the defense is always called an equitable one, is permitted by virtue of the Code provision which allows defenses both legal and equitable, and is said by Judge Finch in Bulkley v. Whitcomb, 121 N. Y. 107, 24 N. E. 13, to be a creation of a court of equity, and to be governed in its extent by the circumstances of the case. In the federal courts, equitable defenses are not permitted in an action at law; but, if the defendant wishes to interpose such a defense, he must do it by a bill in equity. Montejo v. Owen, 14 Blatchf. 324, Fed. Cas. No. 9,722; Railroad Co. v. Paine, 119 U. S. 561, 7 Sup. Ct. 323. The admissibility of a defense of this character in a suit to enforce a stockholders' liability to pay the debt of a Kansas corporation was considered by Judge Dallas in Mechanics' Sav. Bank v. Fidelity Insurance, Trust & Safe-Deposit Co., 87 Fed. 113, and was denied. The Kansas decisions were not founded

upon a construction of the statutes of Kansas, but upon considerations of equity as between stockholders and creditors. The demurrer is sustained.