# Wrenshall *against* Cook & Schoyer.

In an action of debt against one of several partners, the defendant may not set off, at law, a debt due by the plaintiff to the firm of which he is a member; but under certain circumstances, with the assent of his partners, he may avail himself of such indebtedness of the plaintiff, by way of equitable defence. If such assent be wanting the defence fails.

ERROR to the common pleas of *Alleghany* county.

Charles L. Cook and Raphael Schoyer trading in the name of Cook & Schoyer for the use of S. P. Darlington, S. Fahnestock and George Wallace their assignees against John F. Wrenshall.

The following case is stated by agreement of attorneys for the opinion of the court to be considered in the nature of a special verdict, and as such subject to a writ of error.

This is an action of *assumpsit* for goods sold and delivered by the legal plaintiffs, Cook & Schoyer, to the defendant for his individual use, and charged accordingly to his private account in the books of the said plaintiffs. At the time of the said sale and delivery and for some time previous thereto the said Cook & Schoyer were also in-

debted in an equal or greater amount to the firm of Shoenberger, Wrenshall & Co., of which latter firm the defendant was a partner. All the members of the said last mentioned firm are still in full life.

On or about the 1st day of April, A. D. 1835, and after the said sale and delivery of the goods which are the subject of this action, the said Cook & Schoyer executed a deed of voluntary assignment to Samuel P. Darlington, Samuel Fahnestock and George Wallace, the equitable plaintiffs above named, in trust for the benefit of their creditors, with certain preferences, among which the above mentioned claim of Shoenberger, Wrenshall & Co. is not included, and it is admitted that the assets will be insufficient for the payment of the preferred creditors and that the legal plaintiffs are totally insolvent and were so at the time of the assignment.

The question to be decided by the court is, whether the defendant John F. Wrenshall is legally entitled to set off in this action the above mentioned claim of Shoenberger, Wrenshall & Co. If the court shall be of opinion that he is so entitled, then judgment to be entered for the defendant accordingly; if otherwise, judgment to be entered for the plaintiffs for the sum of 172 dollars 32 cents with costs of suit.

The court below (Dallas, President) rendered judgment for the plaintiffs.

*Shaler*, for plaintiff in error, cited, 1 *Atk.* 100; 3 *Ves.* 148; 12 *Ves.* 346; 9 *Serg. & Rawle* 69; 12 *Serg. & Rawle* 252, 446; 4 *Watts* 430.

*Williams*, for defendant in error, cited, 5 *Serg. & Rawle* 468.

The opinion of the Court was delivered by

Rogers, J.—In Slipper *v.* Lane, 5 *Term Rep.* 493, it is decided that a surviving partner may set off a debt due to him as such against a demand on him in his own right. So a defendant may set off a debt due by the plaintiff as surviving partner against a demand due to him in his own right. 6 *Term Rep.* 528. And the reason is, that the surviving partner may consider the debt as his own, and therefore completely within his own control whether to pay his own debt or debts of the partnership. But where the partnership still exists, there is no case where this has been done, as the debts want that mutuality which is essential to a set off. But equity will, under special circumstances, allow a set off where none can be admitted at law; and a doubt has arisen whether, as an equitable defence, the facts found in the case stated may not avail the defendant. As a general principle, partnership effects may not be taken to pay the separate debt of one of the partners; of course one of the partners cannot set off a partnership debt in a suit for his separate debt. But it has been decided, that one of the partners may set off his own separate debt in a demand against the partnership, because

VII.—2 P

[Wrenshall v. Cook & Schoyer.]

there is nothing which prevents him from using his own funds to pay the partnership debts. Nor is there any principle, either of law or equity, which forbids one of the partners, when he is sued for a separate debt, to avail himself of a demand, by way of set off, of the partnership against the creditor of the partner sued, provided the set off is made with the express assent of the other partners, and where the creditor, as in this case, is insolvent. Such a defence is equitable and just. The only plausible reason which has been assigned against this position is, that it would enable the defendant to throw the plaintiff into the costs, by obtaining the assent of the other partners after suit brought. But admitting the full force of this objection, it may be removed; as in Hart *v.* Porter, 5 *Serg. & Rawle* 200, where, in answer to a like objection, the court say the jury may, under the direction of the court, do equity as to the costs. The defence is an equitable one, and of course under the control of the court and jury, who will do complete justice between the parties. But, unfortunately for the defendant, this case comes before the court on a case stated, in which the assent of the other partners is not found; and for aught that appears, the set off may be against their consent. At one time we doubted whether the case should not be sent back to be restated, but as sufficient appears on the record to warrant a judgment, it is beyond our control. We are of opinion, therefore, that judgment must be rendered for the plaintiff.

Judgment affirmed.