# Miller & Reist *versus* Kreiter to the use of Bomberger.

1. Reist gave a non-negotiable note to Kreiter dated January 9th 1871, payable in a year.   He afterwards endorsed for Kreiter's accommodation a note which became due and was protested June 10th 1871.   Kreiter assigned the first note to Bomberger, who brought suit on it January 25th 1872 ; judgment was recovered April 6th 1872 against Reist as endorser on the second note ; he paid the judgment May 20th 1873.   On the trial August 30th 1873 of the suit on the first note, Reist could set off the amount of the judgment recovered against him on the second.

2. When Kreiter's note was protested, Reist's liability was fixed and his right to set-off against any claim Kreiter had against him then originated ; when he paid the note, he was in the same position as if he had paid it when protested.

3. Between an assignee of a chose in action and the debtor the rights of the parties are determined by the time the debtor had notice, not the time of the assignment.

4. One of two or more defendants may set off his individual claim against the plaintiff's joint claim.

5. Archer *v.* Dunn, 2 W. & S. 361 ; Beaver *v.* Beaver, 11 Harris 167 ; Childerston *v.* Hammon, 9 S. & R. 67, followed.

May 5th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Lancaster county :* Of May Term 1874, No. 19.

This was an action of assumpsit, brought January 25th 1872, by C. W. Kreiter to the use of Isaac F. Bomberger, against S. C. Miller and A. H. Reist, on a joint and several non-negotiable note,

[Miller *v.* Bomberger.]

dated January 9th 1871, payable to Kreiter in one year for $2000. The defendants pleaded payment with leave, &c., and set-off.

The defendants and Kreiter had been in business together as partners, and, on arranging their business, this note was given by the defendants to Kreiter for his interest in the firm. It was agreed at the same time that notes in the Inland Insurance Company or any other institution which Kreiter had drawn in the name of the firm and used the money himself, should be set off against this note which was drawn non-negotiable to enable the set-off to be made. Kreiter assigned this note to Bomberger, the use-plaintiff, by the following endorsement on it:—

"I hereby transfer my right, title and claim to the within note to I. F. Bomberger, for the consideration as collateral security, for endorsing me on a note discounted in the Litiz Deposit Bank.

"C. W. KREITER."

The set-off above mentioned was conceded on the trial, and there then remained $675.34 due on the $2000 note.

To this balance the defendants claimed to make a further set-off arising from the following note:—

"Lancaster, April 8th 1871.

"Sixty days after date, I promise to pay to the order of John S. Hostetter, thirteen hundred dollars, at the First National Bank of Lancaster, without defalcation, for value received.

"C. W. KREITER.

"Credit the drawer, ⎱
"John S. Hostetter. ⎰
"Endorsed—John S. Hostetter, A. H. Reist."
Protested for non-payment, June 10th 1871.

This note passed into the hands of A. S. Bard, who brought suits on it against Kreiter, Hostetter and Reist; and on the 6th of April 1872, recovered judgment in each suit for $1366.46. Reist paid the amount of this judgment. The judgments against Kreiter and Hostetter were assigned to him May 20th 1873, and that against himself marked satisfied.

On the trial, August 30th 1873, before Hayes, J., the foregoing facts appeared in evidence. Isaac F. Bomberger testified also: "I had been endorser for C. W. Kreiter on two notes—one for $1500, and one for $2000, and also guarantied a check for $850. I refused to endorse any longer unless he would give me some collateral security; he was then solvent; had real and personal property; he may have been insolvent, but he owned a good deal of property; he was not sold out; he came to me with this note signed by A. H. Reist and S. C. Miller; represented, or said this note represented, his interest in a liquor store in Lancaster, of which he was a partner with Miller & Reist; said he was still a partner, and the word order was left out because he was a silent

[Miller *v.* Bomberger.]

partner. I paid nothing additional, but I guarantied a check at the time this note of Miller & Reist was transferred to me. This transfer was written at the time the note was given to me."

The court, after stating the facts, charged:— * * *

"The difficulty depends upon the claim of set off in relation to the debt due from C. W. Kreiter to A. H. Reist, which the defendants claim to set off in this action, together with the notes paid to the Inland Insurance and Deposit Company. With respect to the latter there is no longer any dispute, it being conceded that the defendants are entitled to set off them; but it is objected to the note left for collection with the First National Bank, and which A. H. Reist, being an endorser, has paid for C. W. Kreiter, that it cannot be a proper subject of set-off in this case, which is a suit against two defendants, and the other was in no way responsible for this note, and the debt due from the plaintiff on that account is to the other defendant. [A set-off in general cannot be claimed by one of two or more defendants in the same suit for a debt due to one only, which, being this case, defeats the claim as to this note, if there be nothing to make it an exception to the rule— some superior equity in A. H. Reist's claim over and above that of Isaac F. Bomberger.] [Again, the set-off must depend upon the condition of the claim at the time of the suit brought; it must have existed at that time. In this case A. H. Reist had not paid this note when the present suit was brought, but paid it more than a year afterwards.]

"I am, therefore, of opinion, that [unless the jury believe, on a review of the transactions of these parties, that the defendant, A. H. Reist, has some equity superior to that of Isaac F. Bomberger, the real plaintiff, his claim to set off the note left with the First National Bank cannot be maintained, more especially as he acquired the claim long after this suit was brought."]

The verdict was for the plaintiff for $675.34.

The defendants took a writ of error, and assigned for error the parts of the charge in brackets.

*T. E. Franklin* (with whom was *N. Ellmaker*), for plaintiffs in error.—The note not being negotiable, was a chose in action, subject to be defeated by any defence which might have been made against it in the hands of the original holder, especially where, as here, it was held as an indemnity for obligations assumed before the transfer was made. It was not shown that any injury had resulted to the equitable holder from the endorsements, to protect him against which the transfer purports to have been made: Act of Defalcation of 1705, sect. 1, 1 Br. Purd. 487, pl. 1. Under it the right to set off one demand against another is one of which the defendant cannot be deprived by the election of the plaintiff to bring a joint suit on a joint and several instrument: Stewart *v.*

[Miller v. Bomberger.]

Coulter, 12 S. & R. 252; Krause v. Beitel, 3 Rawle 199. Reist's liability on the note which he claims to set off had already accrued at the time the note in suit was given, and it became due before suit brought, and indeed before the maturity of the note in suit. His liability on it was fixed by its protest for non-payment: Frantz v. Brown, 1 Penna. R. 261; Krause v. Beitel, 3 Rawle 199; Smith v. Myler, 10 Harris 36; Beaver v. Beaver, 11 Id. 167.

D. McMullen, for defendant in error.—A joint claim cannot be set off against a separate debt, nor a separate claim against a joint debt: 2 Parsons on Contracts 738; Waterman on Set-off 282; 2 Story's Eq. J., sect. 1437; Henderson v. Lewis, 9 S. & R. 379. Reist not having paid the note when suit was brought, cannot set it off to the injury of Bomberger: Morrison v. Moreland, 15 S. & R. 63; Huling v. Hugg, 1 W. & S. 418; Pennell v. Grubb, 1 Harris 554.

Mr. Justice GORDON delivered the opinion of the court, May 25th 1874.

Reist, the defendant, by his endorsement of the note drawn by Kreiter to Hostetter, became surety for Kreiter. Hence, as soon as the note was protested, June 10th 1871, and Reist's liability as endorser became fixed and absolute, he was entitled to call upon the maker to exonerate him from such liability, and that even before demand was made upon him for payment: Beaver v. Beaver, 11 Harris 167. His right of set-off, as against any claim Kreiter had against him, may be said to have originated from this period. When, therefore, he paid the note on which he was endorser, May 20th 1873, he was, by force of his equitable status, put in the same position as if he had paid it at the time of protest. Again, as there is no evidence of the date of the assignment to Bomberger of the non-negotiable note drawn by Miller & Reist, on which this suit is founded, and as Reist had no notice thereof previously to the service of the summons, January 25th 1872, as against him, it could be effective only from that date; for the rule is, that the period from which to determine the rights of the assignee and defendant is not the date of the assignment, but the time when the latter had notice: Northampton v. Balliet, 8 W. & S. 311. It follows, therefore, that Reist's equitable set-off having arisen before the assignment to Bomberger, he had the right to defalk his claim against the note in suit, and the court should so have ruled.

The counsel for the defendant in error is mistaken in the supposition that one of two or more defendants may not set off his individual claim against the joint claim of the plaintiff. The converse of this is held in Childerston v. Hammon, 9 S. & R. 67, and Archer v. Dunn, 2 W. & S. 361.

Judgment reversed, and a *venire facias de novo* awarded.