PARSONS *v.* DENIS and others.

*(Circuit Court, E. D. Missouri.* January 3, 1881.)

1. CONSTRUCTION OF STATUTE—MORTGAGE A DEED.

A mortgage is a deed within the meaning of the Missouri Statutes, (Rev. St. § 699,) which provides that " a husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed." Therefore, under said provision, a married woman may mortgage her separate property when her husband joins with her.

2. PRACTICE—EQUITABLE DEFENCES IN ACTIONS AT LAW.

Equitable defences are inadmissible in actions at law in United States courts. State practice does not affect the rule.

3. SAME—SETTING UP COLLUSIVE TRANSFER.

The proper way to set up a collusive transfer, in fraud of jurisdiction, is by plea in abatement, and not by answer.

Demurrer to Answer.

*Henry A. Cunningham,* for plaintiff.

*Finkelnburg & Rassieur,* for defendant.

TREAT, D. J.   This is an action of ejectment in the ordinary form. To it several defences affirmatively are interposed. To all of those special defences except one a demurrer is presented:

1. The first defence is substantially that a married woman cannot mortgage her estate (her husband joining) to secure the payments of his debts.

Reference is made to the Missouri Statutes on this subject, as changed from time to time, and to the precise meaning of the term "deed," it being contended that even if a married woman could convey absolutely (her husband joining) she could not mortgage. The distinction attempted to be drawn from the doctrine of mortgages is a subtle one; but, in the opinion of the court, a morgtage is a deed, within the meaning of the statute, and operative as such. Hence, the demurrer as to said defence is well taken.

2. The second defence is as to the inadequacy of the price at which the property was sold under foreclosure.

Equitable defences, though admissible under the state practice, are not admissible in United States courts.

3. The third defence stated is that the same cause of action pending is before the supreme court of Missouri, during the pendency of which a transfer of the alleged title was made to this plaintiff.

If the allegations were of a collusive transfer, in fraud of jurisdiction, that question, it is contended, should be raised in abatement. Even if that were the rule, strictly, the averment is not sufficient to raise the question. It is not averred that there was a *collusive* transfer, or that the plaintiff was not, at institution of this suit, the owner in fee.

The demurrer is sustained.