## Jack v. Klepser.

*Banks and banking—Set-off—Deposit—Promissory note.*

Where a note given by a depositor to a bank is not due at the time of the failure of the bank, the depositor may, after the note becomes due, set off the amount of his deposit against the note.

*Partnership—Set-off—Joint claim.*

A joint claim may be set off by one of the owners in an action against him for his own proper debt, provided he has the express assent of his copartners, and there are no third interests to be prejudiced.

*Partnership—Set-off—Banks and banking—Deposit—Promissory note.*

Where a deposit in a bank at the time of the bank's failure is the property of two partners, and subsequently one of the partners assigns his interest in the deposit to his copartner, the latter may set off the deposit against a note held by the bank of another partnership of which he is a member.

Argued April 19, 1899. Appeal, No. 146, Jan. T., 1899, by plaintiff, from judgment of C. P. Blair Co., Oct. T., 1897, No. 187, on case stated in the action of William Jack, trading as the Martinsburg Deposit Bank of Martinsburg, Pa., now to the use of William S. Nicodemus, assignee, in trust for the bene-

fit of creditors, v. Harry M. Klepser and Abram B. Woodcock, copartners, trading as Klepser & Woodcock and D. M. Klepser. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Case stated.

The case stated was as follows:

1. That on December 14, 1896, William Jack and Anthony S. Morrow, surviving partners of a copartnership doing business under the firm name and style of the Martinsburg Deposit Bank, of Martinsburg, Pa., made, executed and delivered to the use plaintiff, William S. Nicodemus, their certain deed of assignment of all their property and effects in trust for the benefit of their creditors, and thereafter and on or about January 13, 1897, the said assignee duly filed in the office of the prothonotary of this court an inventory and appraisement of the said estate and effects so assigned, and on or about January 14, 1897, presented to this court his bond in double the amount of said appraisement, which on said date was duly approved and filed, and that thereupon he became and now is the duly qualified and acting assignee of said The Martinsburg Deposit Bank, of Martinsburg, Pa.; and that said inventory and appraisement shows that the claims of the creditors of said assigned bank cannot be paid in full.

2. That at Martinsburg, Pa., on October 16, 1896, for value received, the defendants Harry M. Klepser and Abram B. Woodcock under the firm name and style of Klepser & Woodcock, made, executed and delivered to one D. M. Klepser their certain promissory note, in writing, whereof the following is a true copy:

"$1,500.00.                     MARTINSBURG, PA., Oct. 16, 1896.

"Sixty days after date we promise to pay to the order of D. M. Klepser, fifteen hundred (1,500) dollars without defalcation or stay of execution, waiving exemption, for value received. Payable at Martinsburg Deposit Bank, Penna.

(Signed)   KLEPSER & WOODCOCK."

That upon said date the defendant D. M. Klepser, payee in the said note, for value received from the Martinsburg Deposit Bank, of Martinsburg, Pa., duly indorsed the said note to said

bank by writing his name upon the back thereof; and upon December 15, 1896, the said D. M. Klepser duly waived protest on, and guaranteed payment of, the said note and that the following are true copies of the indorsement, waiver and guaranty upon the back of said note, to wit: (signed) "D. M. Klepser."

"I hereby waive protest on within note, Dec. 15, 1896, and guarantee payment.

(Signed)     "D. M. KLEPSER."

That said note became due on December 15, 1896; that the same was duly presented at the bank of payment designated therein for payment; that no part thereof has been paid; that plaintiffs are the legal owners and holders thereof, and that there is due thereupon from the defendants to plaintiffs the sum of $1,500 with interest from December 15, 1896.

3. That upon the date of the assignment aforesaid the defendants Klepser & Woodcock herein had upon deposit in said bank to their credit, subject to check and unappropriated to any other purpose, the sum of $96.94.

4. That upon the date of the said assignment Abram Woodcock and James Curry, copartners doing business as Woodcock & Curry, had upon deposit in said bank, subject to check and unappropriated to any other purpose, the sum of $1,346.07.

If the court be of the opinion that the deposits recited in the third and fourth paragraphs hereof, or either of them, are legally the subject of set-off against the promissory note and indebtedness thereupon described in the second paragraph hereof, it shall be decreed that the amount of the said deposits, or of either of them, so decided to be legally set off, with interest from December 15, 1896, to January 21, 1897, shall be credited upon the indebtedness represented by a certain bond dated January 21, 1897, made, executed and delivered by David M. Klepser et ux., and Harry M. Klepser et ux., to William S. Nicodemus, assignee of the Martinsburg Deposit Bank, in the sum of $11,840, conditioned for the payment of $5,920 as in said bond set forth, and upon the mortgage of even date with said bond securing the same, in the following manner, to wit: the said amount so decided to be set off shall be assigned by the said William S. Nicodemus, assignee of the Martinsburg Deposit Bank to the defendant Abram B. Woodcock, and the remain-

ing portion of said bond and mortgage after deducting there-from the said credit, if any, shall take precedence of the part of said bond and mortgage so assigned to the said Abram B. Woodcock and be first paid and collected from the property securing the same before any part of the proceeds thereof is applied upon the portion so assigned to the said Woodcock.

The costs hereon shall be paid by the defendants, and the right of either of the parties hereto to appeal from the judgment so rendered is hereby reserved.

### "EXHIBIT.

"Martinsburg Deposit Bank,

"To A. B. Woodcock and James Curry, trading and doing business as Woodcock & Curry, Dr.

"To amount due, as shown by book of deposit, on the
    31st day of December, A. D. 1896,                $1,346 07.

"Now, January    , 1897, I, James Curry, a member of the said firm of Woodcock & Curry above named, do hereby expressly assign any interest whatsoever I might have therein, or said firm might have therein, to said A. B. Woodcock, the same to be used by him in his own said right as an equitable defense or set-off against any action or claim whatsoever, which may be brought or made upon him either as an individual or as a member of the firm of Klepser & Woodcock for any indebtedness due by him or them, either individually or jointly, to said bank. Witness my hand and seal.

               (Signed)      "JAMES CURRY. [Seal.]
"Witness:
    "J. M. WOODCOCK."

The court in an opinion by BELL, P. J., entered judgment for defendants on case stated.

*Error assigned* was the judgment of the court.

*O. H. Hewit,* for appellant.—In Bosler v. Exchange Bank, 4 Pa. (1846) 32, a debtor was denied the right of set-off of a claim not yet due to him from an insolvent intestate against his debt to the estate, because the claim was not due the debtor when the intestate died, the latter being hopelessly insolvent:

Appeal of Farmers & Mechanics Bank, 48 Pa. 57; Steamship Dock Co. v. Heron, 52 Pa. 280; Skiles v. Houston, 110 Pa. 254.

It has always been held that the status of parties, whether assignors, creditor or debtors, in cases of insolvency, is established by the assignments and fixed at the date thereof: Marks's App., 85 Pa. 231; Chipman v. Ninth National Bank, 120 Pa. 86; Burrill on Assignments, sec. 403.

The rule that set-off will be denied in an insolvent decedent's estate, where mutuality of right of action is lacking has been applied by this learned court to cases of assigned estates: Chipman v. Ninth National Bank, 120 Pa. 86; Hicks v. National Bank, 168 Pa. 638; Collins v. McKee, 5 Cent. Repr. 178; Steamship Dock Co. v. Heron, 52 Pa. 280.

Where the action in which the set-off is claimed is brought by several plaintiffs who are not all indebted to the defendant, there is no right of set-off: Citizens Bank v. Carey, 48 S. W. Repr. 1012; McDowell v. Tyson, 14 S. & R. 300; Archer v. Dunn, 2 W. & S. 327; Swoyer's App., 5 Pa. 377.

Whenever a third person, not a party to a record, is interested in the demand which it attempted to be set off, the claim of set-off cannot be allowed: Bridgham v. Tileston, 5 Allen, 371; Gray v. Rollo, 18 Wall. (U. S.) 629; Van Wagoner v. Patterson Gas-Light Co., 23 N. J. Law Rep. 283; Coursin v. Hamlin, 2 Duer (N. Y.), 513; Winnipiseogee Paper Co. v. Eaton, 65 N. H. 13; Jarecki Manufacturing Co. v. Haymaker, 138 Pa. 541.

*W. I. Woodcock*, for appellees.—Under the statute unliquidated cross-demands may be set off, avoiding a circuity of action and approaching a nearer and more equitable mode of administering right and justice than any other known species of civil legislation. Under it a defendant in an action at law may give the same facts in evidence and obtain the same relief as he could in a court of equity as complainant: Morgan v. Bank of North America, 8 Sergeant & Rawle, 73; Murray v. Williamson, 3 Binney, 135; Montz v. Morris, 89 Pa. 394; Hibert v. Lang, 165 Pa. 441.

The insolvency of the party against whom set-off is claimed is sufficient ground for the jurisdiction of a court of equity in

allowing it, although there has been neither decree nor judgment so as to authorize the set-off and summary application by motion: Garner v. Price, 4 Kulp, 10; Bradley v. Angel, 3 N. Y. 475; Lewis v. Culbertson, 11 Sergeant & Rawle, 48.

The Martinsburg Deposit Bank could confer upon W. S. Nicodemus, its voluntary assignee, no right greater than its own, which was simply the right of action on this note at its maturity, subject to the existing set-off of the parties defendant thereto: In re Fulton's Est., 51 Pa. 211; Tustin v. Cameron, 5 Wharton, 379; Montz v. Morris, 89 Pa. 392.

An indorser on a note can set off a deposit in the bank in a suit by the assignee, in bankruptcy, of the bank: Arnold v. Neiss, 1 Walker, 115.

Two defendants jointly sued may set off a debt due by the plaintiff to either one of them: Stewart v. Coulter, 12 S. & R. 252; Hurst v. Johnston & Co., 6 Phila. 593.

Where A. recovers judgment against two partners and one of the partners recovers against A. on application of A. the judgments may be set off: Garner v. Price, 4 Kulp, 10; Stout v. Moore, 7 W. N. C. 456; Craig v. Henderson, 2 Pa. 261; Tustin & Harris v. Cameron, 5 Wharton, 379.


OPINION BY MR. JUSTICE McCOLLUM, May 29, 1900:

The single question to be considered and determined on this appeal is whether the learned court below erred in deciding that the deposits specified in the third and fourth paragraphs of the case stated were legally a subject of set-off against the promissory note and indebtedness specified in the second paragraph thereof.

At the time of the failure of the bank the note described in the second paragraph of the case stated was not due, but this fact was no obstruction to the exercise, by Klepser and Woodcock, of their right to set off against the note the deposit mentioned in the third paragraph: Jordan v. Sharlock, 84 Pa. 366.

The deposit mentioned in the fourth paragraph of the case stated was the property of the firm of Woodcock and Curry, and Woodcock was also a member of the firm of Klepser and Woodcock. Curry, shortly after the failure of the bank, transferred his interest in the deposit to Woodcock who claimed to have a legal right to set off the deposit against the note of which

Klepser and Woodcock were makers, and D. M. Kelpser was payee and indorser, and who, for value received, transferred the same to the Martinsburg Deposit Bank and guaranteed the payment thereof.

In Wrenshall v. Cook, 7 Watts, 464, the sole bar to the set-off presented by the defendant was the failure to include in the case stated the consent of his copartners. In Tustin v. Cameron, 5 Wharton, 379, it was held "that the defendants might set off a debt due by the plaintiff to a company or partnership of which the defendants were members ; the other members of the company or partnership authorizing the same." The principle discussed in Wrenshall v. Cook, supra, is not a mere dictum. It was enforced in Tustin v. Cameron and has not been departed from in any of our cases since. It is apparently applicable to the case at bar, the equity of which appears to require its enforcement.

In Smith & Co. v. Myler & Aber, 22 Pa. 36, WOODWARD, J., in delivering the opinion of the court said, inter alia, that " a joint claim may be set off by one of the owners in an action against him for his own proper debt, provided he have the express assent of his copartners, and there are no third interests to be prejudiced," and that "this assent may be given after action brought." · The cases referred to as supporting these views were those cited above, and Craig v. Henderson, 2 Pa. 261, Solliday v. Bissey, 12 Pa. 347, and Hart v. Porter, 5 S. & R. 200. One of two or more defendants may set off his individual claim against the plaintiff's joint claim ; Miller v. Kreiter, 76 Pa. 78, and cases cited therein.

No good reason appears for denying to Woodcock the right to set off the deposit in question against the note in suit. It constitutes an equitable and just defense and there is in the cases since Tustin v. Cameron no visible obstruction to the allowance of it. We therefore concur in the conclusion arrived at in the clear and logical opinion of the learned judge of the court below.

Judgment affirmed.