## Sterling Midland Coal Company, Appellee, v. Ready & Callaghan Coal Company, Appellant.

### Gen. No. 29,337.

1. PLEADING—*bill of particulars as part of declaration.* Since a bill of particulars is part of the declaration, it was not necessary for plaintiff in an action to recover the balance due on goods sold to prove the sale and delivery of the goods where the only issue, as stated in the bill of particulars, is whether there had been a legal payment.

2. SALES—*when proof of delivery unnecessary in action for purchase price.* In an action for money due for coal delivered where the only issue as stated by the bill of particulars related to the question whether there had been a legal payment by the defendant for the coal and defendant relied on an accord and satisfaction,

404    APPELLATE COURTS OF ILLINOIS.

Sterling-Midland C. Co. v. Ready & Call. C. Co., 236 Ill. App. 403.

it was unnecessary for plaintiff to make formal proof that the coal was sold and delivered.

3. SALES—*sufficiency of evidence in action for purchase price.* In an action for a balance claimed due for coal sold to defendant notwithstanding the acceptance of a check as full satisfaction of the claim, on the theory that the check was accepted upon the fraudulent representation of defendant that the amount of the check was all that defendant could get from the Board of Education to whom it sold the coal, whereas in fact defendant received full payment from the Board of Education, *held* that there was sufficient evidence to sustain the finding of the jury in favor of plaintiff.

4. APPEAL AND ERROR—*improper presentation of matter in briefs.* Designating instructions in the brief by number merely is not the proper way to present them for consideration by the Appellate Court.

Appeal by defendant from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed April 13, 1925.

O'BRIEN, RUTLEDGE & HAYES, for appellant.

JOHN A. IRRMANN, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an action brought in the county court of Cook county by the Sterling Midland Coal Company, the plaintiff, against the Ready & Callaghan Coal Company, the defendant, to recover a balance alleged to be due from the defendant for coal sold and delivered to the defendant by the plaintiff.

The declaration consists of the common counts. An affidavit of claim for the amount due was filed by the plaintiff with the declaration. The affidavit of claim alleged that the demand of the plaintiff is for goods sold and delivered by the plaintiff to the defendant. On motion of the defendant the plaintiff was ruled to file a bill of particulars. An itemized statement of account between the plaintiff and the defendant was

set out in the bill of particulars. The amount showed a balance due to the plaintiff prior to July 12, 1921, of $1,535.58, and further showed a payment by the defendant on July 12, 1921, of $700, leaving a balance of $835.58, which was claimed as the amount due to the plaintiff. The bill of particulars then alleges as follows:

"That said sum of $1,535.58 was agreed upon between the parties as the balance due from the defendant to the plaintiff; that the defendant thereupon requested the plaintiff to wait for the payment of such balance until the defendant received payment from the Board of Education of the City of Chicago for coal furnished by it to said Board of Education, and the plaintiff agreed to such request; that thereafter, the defendant, on to-wit, the 11th day of July, A. D. 1921, by and through its officers and agents, for the purpose of securing the satisfaction of the claim of the plaintiff against it, falsely and fraudulently represented and stated to the plaintiff that it, the defendant, could only settle its claim against the Board of Education of the City of Chicago for fifty cents on the dollar, and that if such settlement was made the plaintiff could only receive $700 in full of its claim; and that if such settlement was not made and made at once the plaintiff would receive nothing on account of its claim against the defendant. Plaintiff on the faith of said representations and statements made by the defendant, and relying implicitly upon the same, and believing the same to be true, agreed with the defendant to accept the sum of $700 in full of its account. Plaintiff states that the statements and representations, so made by the defendant as aforesaid, were each and all of them utterly false and untrue at the time they were made, and were at that time known by the defendant to be false and untrue, and that the same were made by the defendant against it for a sum much less than was actually due from the defendant to the plaintiff; that at the time of the making of said statements and representations, the said defendant had received settlement in full from the

Board of Education of the City of Chicago of its account against said Board of Education. And so the defendant deceived and defrauded the plaintiff in the sum of $835.58, for which it brings suit.''

The defendant filed the plea of the general issue and special pleas. A demurrer to the second, third and fourth pleas of the defendant was sustained and leave was given to the defendant to file a notice of special matters of defense under the general issue. The defendant filed an affidavit of merits, which is as follows:

''Affiant further says that the nature of defendant's defense is as follows: That defendant is not indebted to plaintiff for the sum claimed in the declaration, nor for any other sums whatever, either because of any alleged promises mentioned in the declaration or for any other cause or thing done or omitted. That defendant on July 11, 1921, paid the plaintiff in full for all claims and demands to said date; that plaintiff on July 11, 1921 (there being many objections to claims of plaintiff and differences between plaintiff and defendant), did agree to accept and did accept from the defendant the sum of seven hundred dollars in full for all claims and demands which plaintiff had or claimed against defendant to that date. That plaintiff did on July 11, 1921, execute and deliver to defendant a receipt and release in writing, discharging defendant from all claims and demands to that date. That the said release and receipt was executed and delivered by plaintiff freely and voluntarily and there was no fraud or misrepresentation as alleged in the Bill of Particulars filed herein, and that plaintiff was not deceived or defrauded as alleged in said Bill of Particulars. That defendant is not indebted to the plaintiff for goods, wares and merchandise sold and delivered; nor for money lent and advanced; nor for money paid, laid out or expended; nor for any money had and received to and for the use of the plaintiff; nor for money due for interest and forbearance; nor for labor, services and material, nor for balance due on account stated; nor for any other money claims or demands whatsoever.''

The case was tried before a jury and the jury returned a verdict in favor of the plaintiff for $924, which amount included the sum of $835.58 with interest at 5 per cent. From the judgment on the verdict the defendant has prosecuted this appeal.

It is contended by counsel for the defendant that the trial court should have directed a verdict for the defendant for the reason that the plaintiff failed to prove the sale and delivery of the coal to the defendant; that "nowhere in the entire evidence is there a semblance of proof that plaintiff sold or delivered anything to defendant and a mere casual reading of the evidence will, we feel, convince this court that there was no prima facie case made out by plaintiff on its pleadings limited by its affidavit of claim."

We do not think there is any merit in the contention of counsel for the defendant. The bill of particulars filed by the plaintiff specifically defined the claim of the plaintiff. In the case of *McKinnie v. Lane,* 230 Ill. 544, the court said (p. 548): "The object of a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrain the plaintiff, on the trial, to the proof of the particular cause or causes of action therein mentioned."

In the case of *McDonald v. People,* 126 Ill. 150, the court said (p. 158): "If * * * after a bill of particulars has been furnished, the evidence to establish a conviction is not confined to the specifications therein, what benefit is to be derived from a bill of particulars? Where is the necessity for an order of court requiring a bill of particulars?"

In the case of *McDonald v. People, supra* (p. 161), the court treated the bill of particulars "as a pleading."

In the case of *O'Leary v. People,* 88 Ill. App. 60, 64, the court held that a bill of particulars is part of the declaration, plea or notice to which it relates.

The following cases also hold that a bill of particulars is part of the pleadings: *Snyder v. Phare,* 25 Fed. 398, 402; *Benedict v. Swain,* 43 N. H. 33, 34; *Attrill v. Patterson,* 58 Md. 226, 236, 239; *Starkweather v. Kittle,* 17 Wend. (N. Y.) 20, 22. There are cases that hold the contrary, but the rule announced in the cases of *McDonald v. People, supra,* and *O'Leary v. People, supra,* is the rule in Illinois, and we think that it is the logical rule.

In the case at bar it will be observed that the only issue, as stated by the bill of particulars, relates to the question whether there has been a legal payment by the defendant for the coal. The defendant relies on an accord and satisfaction. In this state of the pleadings it was unnecessary for the plaintiff to make the formal proof that the coal was sold and delivered. There is no issue on that question. Furthermore, Michael Ready, president of the defendant, the Ready & Callaghan Coal Company, testified that in the spring of 1919 Wilbur J. O'Brien, president of the plaintiff, the Sterling Midland Coal Company, came to his, Ready's, office and figured on this coal contract; that the Ready & Callaghan Coal Company purchased coal after that from the Sterling Midland Coal Company, and sold coal to parties during that time from then until 1920; that there was a disputed bill along in the spring of 1921.

The principal question in the case, stated precisely, is whether a check for $700 which the plaintiff accepted from the defendant constituted an accord and satisfaction. On the face of the check there was the notation, "In full payment for all claims & demands to date."

The testimony in regard to the circumstances in which the check was accepted is conflicting. The undisputed evidence is that the plaintiff was a wholesale coal company; that the defendant bought coal from the plaintiff and sold coal to the Board of Education of

the City of Chicago; that there was a dispute between the defendant and the Board of Education in regard to the amount due to the defendant from the Board of Education. The preponderance of the evidence shows that prior to the date on which the check was accepted by the plaintiff, the defendant owed the plaintiff $1,535.58, and that the plaintiff was demanding payment.

According to the testimony of Harry W. Potter, secretary of the plaintiff corporation, Michael Ready told him in a telephone conversation that he, Ready, could make a settlement with the Board of Education for 50 cents on the dollar, which would make the plaintiff's claim against the defendant about $700; that he, Ready, would not make it unless he could make a settlement with the plaintiff, as he had an understanding with Wilbur J. O'Brien, president of the plaintiff, that the plaintiff would stand its cut in proportion; that he, Potter, told Ready that if that was his agreement with O'Brien, the plaintiff would stand by it; that he, Potter, told Ready he would confer with others in the company and would call him back; that he conferred with Richard L. Rogers, the general manager of the plaintiff; that Rogers called Ready back.

Rogers testified that he told Ready he was calling in regard to a conversation he, Ready had had previously with Potter about the settlement of the account of the defendant with the plaintiff; that he, Rogers, told Ready that his, Roger's, understanding was that he, Ready, had negotiated with the Board of Education to the point where he, Ready, could get $700 of the amount due to the plaintiff; that Ready said, "That is true"; that he, Rogers, said, "If there is no more, of course, we want it"; that Ready said, "Sure"; that he, Rogers, said, "If that is all there is to be had we will take it."

O'Brien testified that he was out of town from June

20, 1921, to July 16, 1921; that on the latter date he called Ready on the telephone, and also called him several times after, but did not get in communication with him; that about two months after July 16, he O'Brien, threatened suit; that Ready called him on the telephone and said he had a receipted bill and as far as he was concerned the account was closed; that Ready said that as far as the money he received from the Board of Education was concerned, it was none of his, O'Brien's, business; that he, O'Brien, told Ready that he, O'Brien, understood that he, Ready, got his money in full from the Board of Education; that Ready said, "Well, if I have, you know how I had to get it—I have a lot of friends in this world, and I am not going to give you any of my money."

The preponderance of the evidence shows that the defendant received payment in full for the coal it sold to the Board of Education.

On behalf of the defendant, Ready testified that prior to July 11, 1921, he called up the office of the plaintiff and said to Potter: "I have a settlement on this account now, and I want to get my account cleaned up with you people"; that he told Potter he would give the plaintiff $700 and "get the whole mess cleaned up"; that Potter said he, Potter, would have to get in touch with O'Brien before he could let him, Ready, know whether the plaintiff would take $700; that Potter asked him if anything else was coming; that he, Ready, said, "No chance, that is final"; that Potter said, "I will let you know tomorrow"; that he, Ready, received a call on the telephone from some person who said he was an officer of the plaintiff; that this person said that if he got the check that day for $700 he would receipt the bill; that "we never talked about the amount I was to get from the Board of Education"; that he, Ready, might have mentioned something about it in a former conversation; that he told O'Brien he would have to wait for a portion of his

Sterling-Midland C. Co. v. Ready & Call. C. Co., 236 Ill. App. 403.

bill until he, Ready, got some sort of an adjustment with the Board of Education; that he, Ready, did not mention to Potter or anyone else that he, Ready, was unable to get any money from the Board of Education; that he said, ''this settlement of $700 which I would give was in full, that it was final and for them to take it or leave it''; that he did not say that the amount he was to receive was less than 50 per cent of the defendant's claim; that that was all that was said; that Miss Emma Daly, who works for the defendant, heard the conversation over the telephone.

Miss Daly testified that she heard a conversation over the telephone between Potter and Ready; that Potter said O'Brien was out of town; that Ready said he wanted to have the account cleaned up and was ready to settle; that the next day Potter called back and said he was ready to accept the check for $700; that she made out the check; that she called the attorney for the defendant and he told her what she should write on the check before delivery; that the notation on the check, ''In full payment of all claims and demands to date,'' was on the check when it was delivered.

It was the special province of the jury to pass on this conflicting testimony, and we think there is sufficient evidence to sustain their finding.

Counsel for the defendant contend that the court admitted improper evidence on behalf of the plaintiff. We have examined the evidence complained of and we do not think that any error was committed by the court which would justify a reversal of the judgment.

Counsel for the defendant further contend that certain instructions given on behalf of the plaintiff are erroneous. The instructions are not set out in the brief of counsel for the defendant, but are merely designated as instructions Nos. 2, 3 and 5. It has been held that this is not the proper way to pre-

sent instructions for consideration by the court. *General Platers Supply Co. v. Charles F. L'Hommedieu & Sons Co.*, 228 Ill App. 201, 206.

Counsel for the defendant maintain that the verdict is contrary to both the law and the evidence. We do not think that the verdict is manifestly against the weight of the evidence or that it is contrary to the law.

In our opinion the judgment should be affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.