Carolyn Shipley Jones, Appellee, v. Ed Keilbach, Appellant.

234

Opinion filed March 1, 1941.

KRAMER, CAMPBELL, COSTELLO & WEICHERT, of East St. Louis, for appellant.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in the sum of $1,000 against appellant, Ed Keilbach (hereinafter

called defendant), a tavern proprietor, in favor of appellee, Carolyn Shipley Jones (hereinafter called plaintiff).

The action was instituted under the provisions of the Dram Shop Act (Ill. Rev. Stat. 1939, ch. 43, sec. 135 [Jones Ill. Stats. Ann. 68.042]). On trial of the case in the court below the jury returned a verdict of $1,000, upon which the judgment was entered.

This case was previously before this court on an appeal from an order of the trial court allowing plaintiff's motion for a new trial when the case was first tried in the city court (*Jones v. Keilbach,* 295 Ill. App. 598). In that case we concluded that the order granting the new trial was proper. The judgment now appealed from was the result of such retrial.

As we have previously indicated, the evidence in this case shows that the deceased, Joe Shipley, who was 25 years of age, had gone to defendant's tavern in East St. Louis at about 9 p.m. on the evening of September 5, 1936, and that he was last seen there about 2:30 a.m. the following morning, during all of which time he was seen to consume a considerable quantity of intoxicating drinks, particularly beer. While there is some conflict in the evidence as to whether or not he was intoxicated, some of the testimony for plaintiff was definitely to such effect. His activities and whereabouts between the time he was last seen in the tavern at about 2:30 a.m., until 4:20 of the same morning, are not shown by the record. At about 4:20 a.m., two police officers, in response to a call from unknown outsiders, found the deceased lying helpless in a vacant lot adjacent to the sidewalk about 2½ blocks from the tavern. The street or sidewalk level at such point alongside the vacant lot was about 8 or 9 feet higher than the level of the vacant lot. A board fence about 3½ feet higher than the sidewalk, supported by posts and the adjacent building, served as a pedestrian's guard rail. The top rail was down directly above

where deceased was lying and the nails in the railing were bent upward and were bright and shiny. Deceased was alive when found by the police officers, but was paralyzed. He died the same day he received the injury and death was shown to have resulted from a fracture of his fifth cervical vertebra. Additional evidence presented on part of the plaintiff on the retrial consisted of the testimony of the police officers to the effect that the deceased told them that he did not know if he had fallen or if someone had pushed him, and that he had been drinking beer.

Defendant, on appeal to this court, assigns a number of errors as ground for reversal, but such contentions fall into substantially two categories: (First) That the plaintiff has failed to establish a right to recover under the facts under the Dram Shop Act; and (Secondly) That the court erred in the giving of certain instructions on behalf of plaintiff, and in the refusal to give certain instructions on behalf of defendant.

As we have indicated previously in *Jones v. Keilbach, supra,* it was our conclusion under the evidence that plaintiff was entitled to have her case submitted to a jury. The additional evidence of the police officers, referred to in this opinion, operated to strengthen plaintiff's case. As was stated in the previous opinion dealing with the facts involved herein, if the injury to the deceased was directly attributable to his intoxicated condition and no other agency intervened, sufficient of itself to stand as the cause of the injury, then the intoxicated condition could be considered the proximate cause of the injury; or, if he received the injury while intoxicated through the agency of an outside force which could not or would not have reasonably been brought into action except by reason of the intoxicated condition, then in such case the intoxication would be a contributing factor and would be within the provision of the statute. As we have stated before, there would have been no liability if the intervening

cause had broken the causal connection between the intoxication and the injury, even though there had been a sale of alcoholic liquors which caused an intoxication. Under the facts as presented in the record in this cause, however, it was the province of the jury to determine whether or not the plaintiff in the action was entitled to recover. The evidence introduced on behalf of plaintiff sufficiently established plaintiff's case so that submission to the jury was required. It was not indispensable that evidence of eyewitnesses be presented, or that direct testimony of the manner in which the deceased fell from the sidewalk be shown, in view of the apparent unavailability of such evidence.

We have considered all of the objections of the defendant to instructions which were given on behalf of plaintiff and as to two instructions which were refused upon being tendered by defendant, and have concluded that there was no reversible error in the giving or refusal of such instructions. We believe, however, that this case furnishes an appropriate opportunity to restate a ruling which has long been established in our Appellate Courts, and which should be adhered to by litigants in the presentation of objections with reference to instructions in this court. As was stated by the court in *Cory v. Woodmen Accident Co.*, 253 Ill. App. 20, at page 35, "Complaint is also made that there was error in the giving of some of the instructions for the appellee, and in modifying some of the instructions given for the appellant, but the instructions are not set out in the brief and argument, but merely referred to by designated numbers. The questions involved are therefore not properly before us for consideration." (*General Platers Supply Co. v. Charles F. L'Hommedieu & Sons Co.*, 228 Ill. App. 201; *Sterling-Midland Coal Co. v. Ready & Callaghan Coal Co.*, 236 Ill. App. 403.) In the instant case none of the instructions as to which objections are raised by appellant are set forth in the brief and argument, but all of

such instructions are simply referred to by number.
This court will not, therefore, give detailed considera-
tion to such objections in this opinion.

There being no reversible error in the trial of this
cause the judgment of the city court of the city of
East St. Louis appealed from, is, accordingly, affirmed.

*Judgment affirmed.*